Joseph T. ROGERS, Appellant,

v.

UNITED STATES, Appellee.

Barbour F. HERRING, Appellant,

v.

UNITED STATES, Appellee.

Nos. 2794, 2795.

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 7, 1961.

Decided Oct. 26, 1961.

Albert J. Ahern, Jr., Washington, D. C., for appellant in No. 2794.

O. B. Parker, Washington, D. C., for appellant in No. 2795.

Donald S. Smith, Asst. U. S. Atty., Washington, D. C., for appellee. David C. Acheson, U. S. Atty., and Charles T. Duncan, Asst. U. S. Atty., Washington, D. C., also entered appearances for appellee.

Before HOOD, and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

QUINN, Associate Judge.

Appellants were charged by information with committing an assault [1] and petit larceny [2] upon the complaining witness Charles Hutcheson. Allowed to withdraw earlier pleas of guilty, both men went to trial and a jury convicted them of assault but acquitted them of the second offense.[3]

The assault occurred at 3 a. m. on August 31, 1960, as Hutcheson was traveling home from his employment at an uptown hotel. Leaving work at 2:30 a. m., Hutcheson took a bus to 16th and H Streets where he alighted, intending to transfer to a second bus routed along Pennsylvania Avenue, which would carry him to his destination. Crossing through Lafayette Park toward Pennsylvania Avenue, Hutcheson was approached by appellant Herring who "propositioned" him. Hutcheson refused; Herring then walked away momentarily, returning with Rogers and Sommers, who had been standing out of sight a short distance away. At this point Herring, without warning or provocation, suddenly struck Hutcheson in the face with his fist. He followed this with two or three more blows and demanded that Hutcheson give him money. Telling him to take it, Hutcheson was then pushed to a nearby bench where his pockets were searched and the contents removed. Herring then said to his two companions, "Well, I tell you, let's start moving, we don't want the police to come over here." With that statement the three left the scene.

After regaining his composure Hutcheson continued toward Pennsylvania Avenue. With the help of a passing motorist, he hailed an armed forces patrol car. As they drove around the block, Hutcheson saw the three men walking along the sidewalk at the north side of the park. He then summoned a police officer standing nearby who arrested the men upon Hutcheson's identification.

Appellant Rogers first challenges the sufficiency of the evidence to support his conviction. He argues that his conviction for assault must fall because the government did not show that he participated in the attack upon Hutcheson or that he

1. Code 1951, § 22–504 provides: "Whoever unlawfully assaults, or threatens another in a menacing manner, shall be fined not more than five hundred dollars or be imprisoned not more than twelve months, or both."

2. Code 1951, § 22–2202 (Supp. VIII) provides: "Whoever shall feloniously take and carry away any property of value of less than $100, including things savoring of the realty, shall be fined not more than $200 or be imprisoned for not more than one year, or both. And in all convictions for larceny, either grand or petit, the trial justice may, in his sound discretion, order restitution to be made of the value of the money or property shown to have been stolen by the defendant and made way with or otherwise disposed of and not recovered."

3. A third party, Thomas Sommers, elected to stand trial and was found guilty of petit larceny and not guilty of assault.

assisted the actual assailants in its perpetration. In support of this contention he calls attention to the fact that on cross-examination Hutcheson testified that Rogers at no time struck or pushed him during the altercation; also that Hutcheson was unable to say whether Rogers joined the other two men in searching his pockets. But this contention would seem to require that the government prove the commission of a battery to procure a conviction for assault and it ignores other significant testimony, obviously believed by the jury, implicating Rogers in the crime. Hutcheson made it clear that Rogers was not merely a passive bystander by his testimony that "they were all after me." It is enough to say that the jury might have regarded such a concert of action by the three men as conduct which "threatens another in a menacing manner." [4] But if the jury was unwilling to find that Rogers' involvement fitted the substantive crime, it had an alternative theory upon which to predicate conviction—that of aiding and abetting. [5]

■ Aiding and abetting an assault renders one guilty of the crime even if he does not actively participate. It is said " * * * any person who is present, encouraging or inciting an assault and battery by words, gestures, looks, or signs, or who by any means approves the same, is in law deemed to be an aider and abettor and liable as a principal." [6] The testimony that all three men were "after" Hutcheson gave

the jury ample basis to find that Rogers had associated himself with the venture even if his actions did not assume the proportions of an assault. Consequently, the trial judge did not err in instructing the jury on the theory of aiding and abetting.

■ ■ Both Rogers and Herring charge that the trial court abused its discretion by improperly curtailing the cross-examination of Hutcheson on the subject of his employment history and experience. After eliciting from the witness that he had worked at his present employment for eight months prior to trial, before that six months for a restaurant, and still earlier as a salesman for a photographic company, counsel was ordered to discontinue such line of questioning upon objection of the government. Counsel then was allowed to proceed into other matters connected with the trial. While cross-examination is a basic right, it is subject to reasonable regulation by the court in the interest of an orderly and expeditious trial. "Particularly is it true that there are bounds to cross examination designed for impeachment of general credibility rather than for development of a contradiction upon a point in issue." [7] The record here indicates that counsel had no particular goal in pursuing the disputed line of inquiry except to show the witness's "real background so that this jury will have some knowledge as to what type of person he really is." Despite the desirability of such a purpose, the court was

4. Code 1951, § 22–504 comprehends the common law crime defined as "an attempt with force or violence to do a corporal injury to another; and may consist of any act tending to such corporal injury, accompanied by such circumstances as denote at the time an intention, coupled with the present ability, of using actual violence against the person." Patterson v. Pillans, 1915, 43 App.D.C. 505, 506–507; Beausoliel v. United States, 1939, 71 App.D.C. 111, 114, 107 F.2d 292, 295; Guarro v. United States, 99 U.S. App.D.C. 97, 99, 237 F.2d 578, 580, reversing D.C.Mun.App., 1956, 116 A.2d 408.

5. Code 1951, § 22–105 provides: "In prosecutions for any criminal offense all persons advising, inciting, or conniving at the offense, or aiding or abetting the principal offender, shall be charged as principals and not as accessories, the intent of this section being that as to all accessories before the fact the law heretofore applicable in cases of misdemeanor only shall apply to all crimes, whatever the punishment may be."

6. 4 Am.Jur., Assault and Battery § 4, p. 127.

7. Collazo v. United States, 1952, 90 U.S. App.D.C. 241, 252, 196 F.2d 573, 584.

justified in keeping the questioning within reasonable bounds so as to avoid needless preoccupation with collateral matters. We believe that its action was appropriate here.

Appellants assign other errors which we consider to be without merit.

Affirmed.