**Herbert L. WILLIAMS and Donald G. Reeves, Appellants,**

v.

**UNITED STATES, Appellee.**

Nos. 3195, 3196.

District of Columbia Court of Appeals.

Argued March 25, 1963.

Decided April 25, 1963.

Thomas R. Jones, Brooklyn, N. Y. (appointed by this court) for appellants.

Max Frescoln, Asst. U. S. Atty., with whom David C. Acheson, U. S. Atty., and Frank Q. Nebeker and John H. Treanor, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired), sitting by designation under Code, § 11–776(b).

QUINN, Associate Judge.

Appellants and three codefendants were convicted of assault [1] and attempted petit larceny [2] by the trial court sitting without a jury. On appeal, appellants question the sufficiency of the evidence to sustain their convictions.

The evidence shows that the complaining witness, John Reed, while walking near his home about 8:50 P.M. on May 18, 1962, had in his hand a one dollar bill just received as change from a store. The bill was plainly visible to passersby. The five defendants, who were standing close together on the sidewalk, blocked his passage as he approached 1011 Que Street, N.W. In an attempt to slip by them, Reed was forced to walk along the edge of the sidewalk closest to the buildings. Suddenly, Ward, one of the defendants, grabbed for the bill in Reed's hand and said, "Give me everything you have got." Reed called for help. In the ensuing struggle Ward also reached for Reed's rear pocket which contained a wallet with approximately $70. The four other defendants, moving within a foot or two of the struggle, placed themselves in such positions as to block Reed's attempt to escape. Reed freed himself and ran into a

---

1. Code 1961, § 22–504.

2. Code 1961, § 22–2202.

yard adjacent to the sidewalk. An eye witness, sitting in the yard, warned the defendants not to follow Reed. The five defendants left the scene. Later the same evening the police found them, still together, in another part of the neighborhood.

Appellants did not testify. Defendant Ward testified that he asked Reed for a cigarette and that he grabbed Reed when his request was refused. Ward declared further that though his four companions were present and standing close to him, they did not participate in the attack on Reed. The defendant Phillips stated that he and the other three defendants observed the offense but were singing a song and were not involved.

One who aids the commission of an act is as responsible for that act as if he committed it directly. Nye & Nissen v. United States, 336 U.S. 613, 618–619, 69 S. Ct. 766, 93 L.Ed. 919 (1949); Rogers v. United States, D.C.Mun.App., 174 A.2d 356 (1961); Code 1961, § 22–105. Further, it is not essential that there be any direct communication between the actual perpetrator and the person aiding and abetting. Maxey v. United States, 30 App.D.C. 63, 72–73 (1907); Ladrey v. United States, 81 U.S. App.D.C. 127, 130–131, 155 F.2d 417, 420 (1946). The trial judge could have concluded from all the evidence that appellants were associated with the principal offender in the venture and made a conscious effort to help it succeed.

We hold that there was sufficient evidence to support the judgment that appellants aided and abetted in the commission of the offenses charged.

Although counsel we appointed to represent appellants diligently briefed and ably argued this case, we find no justification for disturbing the judgments.

Affirmed.