**402**

Bobby R. PASCHAL, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 3568.

District of Columbia Court of Appeals.

Argued Dec. 7, 1964.

Decided Jan. 26, 1965.

James Mitchell Jones, Washington, D. C., for appellant.

Richard W. Barton, Asst. Corporation Counsel, with whom Chester H. Gray, Corporation Counsel, Milton D. Korman, Principal Asst. Corporation Counsel, and Hubert B. Pair, Asst. Corporation Counsel, were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge:

This is an appeal from a conviction for operating a motor vehicle at an unreasonable rate of speed. Appellant contends that the trial court erroneously restricted his cross-examination of Officer Griffin, the only government witness. He argues that such cross-examination would have shown that the officer was biased and prejudiced against him. The record reveals, however, that appellant admitted driving his motor vehicle in excess of the posted speed limit of fifty miles per hour. Several witnesses, passengers in appellant's automobile and one driven by a codefendant, also admitted that appellant had exceeded the fifty-mile limit. A speed in excess of the posted limit is considered " * * * prima facie evidence that the speed is not reasonable or prudent and that it is unlawful * * *."[1] Since the evidence establishing appellant's guilt was uncontradicted, the possible bias or prejudice of the police officer would not affect the finding of guilty as charged.

1. Part I, Article VI, Traffic and Motor Vehicle Regulations for the District of Columbia, § 22(b).

We rule, however, that appellant's sentence was illegal. After a full presentence investigation and report by the probation department, the court discussed with appellant his traffic record, which included, *inter alia,* three prior arrests and forfeitures for speeding, and one colliding charge, and sentenced him to serve thirty days in jail and to pay a fine of $150, or, in lieu thereof, to serve an additional sixty days in jail.

Code 1961, § 40–605(d) provides:

"Any individual violating any provision of this section, except where the offense constitutes reckless driving, shall upon conviction thereof be fined not more than $300 or be imprisoned not more than ninety days."

We hold that this subsection permits either a fine of not more than $300 or imprisonment of not more than ninety days, but not both. Therefore appellant's sentence of thirty days' imprisonment and $150 fine was improper and the case must be remanded for resentencing.

Judgment of conviction affirmed.

Remanded for resentencing.