Maurice A. RILEY, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

James T. RUFFIN, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

Nos. 3595–3598.

District of Columbia Court of Appeals.

Submitted Jan. 18, 1965.

Decided Feb. 19, 1965.

John McDaniel, Washington, D. C., for appellants.

Chester H. Gray, Corp. Counsel, with whom Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, and Ted D. Kuemmerling, Asst. Corp. Counsel, were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge:

Appellants were charged in separate informations with disorderly conduct in violation of 22 D.C.Code 1961 § 1121(4) and with vagrancy in violation of 22 D.C.Code 1961 § 3302(1). The cases were consolidated for trial. Neither appellant took the stand in his own defense. The trial court, sitting without a jury, found appellants guilty as charged. Appellants contend they were prejudiced in their trial on the charges of disorderly conduct by the admission of evidence of their prior criminal convictions in support of the charges of vagrancy and that it was error to deny their oral motions, made after the trial had begun, for severance of the two charges.

 Appellants were at all times represented by experienced counsel who must be held to be aware that evidence of prior criminal convictions, although not relevant to the charge of disorderly conduct, would be required to establish vagrancy under the statute. Clark v. District of Columbia, D.C.Mun.App., 34 A.2d 711, 713 (1943). No pretrial objection was presented to the consolidation of the cases for final trial nor was a request made for severance under Criminal Rule 7(e) of the Criminal Rules of the Court of General Sessions during the five months intervening between the filing of the informations and the date of the trial. It was not until the prior criminal records were offered into evidence in support of the vagrancy charge that a severance was requested on the ground of prejudice to appellants' right to a fair trial. We think the request was not timely made and must be considered to have been waived. Monroe v. United States, 98 U.S.App.D.C. 228, 234 F.2d 49 (1956), cert. denied 352 U.S. 873, 77 S.Ct. 94, 1 L.Ed.2d 76 (1956). Furthermore, there is a well-settled presumption in a nonjury trial that the judge, in reaching his decision, rejects and does

not consider any improper evidence. Absent a showing of prejudice, the introduction of incompetent or irrelevant evidence does not require a reversal. Fennel v. United States, 116 U.S.App.D.C. 62, 320 F.2d 784 (1963); United States v. Cain, 298 F.2d 934 (7th Cir. 1962), cert. denied 370 U.S. 902, 82 S.Ct. 1250, 8 L.Ed.2d 400; Teate v. United States, 297 F.2d 120 (5th Cir. 1961). We have examined the record and find no showing of prejudice to a fair trial for appellants on both charges. As the evidence of their guilt was ample and convincing, the convictions are

Affirmed.