Edward G. BELL, Appellant,

v.

**DISTRICT OF COLUMBIA, Appellee.**

**No. 3858.**

District of Columbia Court of Appeals.

Argued March 7, 1966.

Decided April 15, 1966.

Rehearing Denied April 26, 1966.

---

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

This is an appeal by Edward G. Bell from his conviction of operating an automobile at an unreasonable rate of speed.[1] He contends the evidence was insufficient to sustain the charge against him.

A detailed recitation of the testimony would serve no useful purpose here. Although admittedly the evidence was in conflict with respect to the speed of the vehicle at the time it struck a ten-year-old pedestrian, the origin, length and cause of the skid-marks on the street, and whether they were made by appellant's car, the record in our opinion fully warrants the finding by the trial judge that appellant was guilty of the traffic charge of unreasonable speed.[2] Resolution of the factual issues, based on the weight of the evidence and the credibility of the witnesses as assessed by the trial judge, is solely within his province, and we are not empowered to substitute any views we might hold in disagreement.[3]

Appellant also alleges it was error to admit the testimony of a police officer who stated that, based on his examination of the skid-marks left by appellant's automobile, appellant was traveling forty miles an hour in a school zone where, at the time of the accident, the rate of speed was limited to fifteen miles per hour. Appellant complains he had not been qualified to testify as an expert. The witness, a member of the police force for more than two years, was a trained officer with the Accident Investigation Unit. A very im-

Francis L. Young, Jr., Washington, D. C., with whom Jackson, Gray & Laskey, Washington, D. C., was on the brief, for appellant.

David P. Sutton, Asst. Corporation Counsel, with whom Chester H. Gray, Corporation Counsel, Milton D. Korman, Principal Asst. Corporation Counsel, and Hubert B. Pair, Asst. Corporation Counsel, were on the brief, for appellee.

1. "No person shall drive a vehicle on a street or highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be so controlled as may be necessary to avoid colliding with any person. * * * " Traffic and Motor Vehicle Regulations for the District of Columbia, Part I, Article VI, Sec. 22(a).

2. Graham v. District of Columbia, D.C. Mun.App., 127 A.2d 150 (1956). Compare Paschal v. District of Columbia, D.C.App., 206 A.2d 402 (1965).

3. Lipsey v. Harriet, D.C.App., 192 A.2d 529 (1963).

portant part of his work is to judge the speed of motor vehicles involved in collisions. His qualifications in this field, based upon his actual investigative activities, his own driving background, and his study of books covering the subject of estimating speed from skid-marks, were fully explored during cross-examination. We find no abuse of discretion in admitting his testimony for its consideration by the trial judge, together with all other relevant evidence surrounding the rate at which appellant was traveling at the time of the accident.[4] In any case, the issue was not the exact speed but whether appellant's speed at the time of the accident was unreasonable in view of the conditions and hazards, actual or potential, then existing; and, aside from the officer's testimony, there was other competent evidence to substantiate the finding of the trial judge.

We have considered the other contentions by appellant and find them to be without merit.

Affirmed.

4. Riley v. District of Columbia, D.C.App., 207 A.2d 121 (1965); Benjamin v. Hot Shoppes, Inc., D.C.Mun.App., 185 A.2d 512 (1962).