Warren N. CORBIN, Appellant,

v.

UNITED STATES, Appellee.

Nos. 4277, 4278.

District of Columbia Court of Appeals.

Argued Oct. 16, 1967.

Decided Jan. 19, 1968.

N. David Povich, Washington, D. C., appointed by this court, for appellant.

Albert W. Overby, Jr., Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., Frank Q. Nebeker and David M. Barrett, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and MYERS and KELLY, Associate Judges.

KELLY, Associate Judge:

Appellant was convicted by the court of assault and petit larceny.[1] He argues on appeal[2] that the evidence was insufficient to support the findings of guilt since it showed only his presence at the scene of the crime and his flight.

The complaining witness testified that on November 2, 1966, in front of 402 H Street, N. E., he was robbed by two men. An unidentified man yoked him and removed a

---

1. D.C.Code 1967, §§ 22–504, 22–2202.

2. Although appellant has served his sentence the appeal is not moot since this is appellant's first conviction of a crime other than intoxication and disorderly conduct and some collateral disadvantage might reasonably result therefrom. Cf. Holmes v. United States, 127 U.S.App. D.C. ——, 383 F.2d 925, 927 (1967). See D.C.Code 1967, § 22–104.

money order from his pocket while appellant, whom he positively identified, was standing to his side within arm's reach. Appellant did nothing to the complainant, but when the assailant hollered "Come on and let's go", they both fled. Although complainant gave chase, he lost sight of both men in an alley. Shortly thereafter appellant was pursued and apprehended by a police officer acting on information received from complainant and a bystander.

Upon the denial of his motion for judgment of acquittal, appellant took the stand and testified that when the police brought him back to the scene complainant told the officer that prior to the robbery he had seen appellant "talking to a guy coming up the street with a dark coat on, and a hat, that robbed him."

We think that in this case it makes no material difference whether or not the motion for judgment of acquittal was waived when, after its denial, appellant took the stand,[3] since the motion was properly denied.

 It is true that presence alone at the scene of the crime without a showing of a prior conspiracy or design to assist in the commission of the crime, is insufficient to support a finding of guilt. Hicks v. United States, 150 U.S. 442, 14 S.Ct. 144, 37 L.Ed. 1137 (1893). Furthermore, although admissible as bearing on the question of guilt or consciousness of guilt, evidence of flight does not create a legal presumption of guilt. Green v. United States, 104 U.S.App.D.C. 23, 25, 259 F.2d 180, 182 (1958), cert. denied, 359 U.S. 917, 79 S.Ct. 594, 3 L.Ed.2d 578 (1959). Here, however, prosecution witnesses testified that two men, of whom appellant was one, robbed complainant; that appellant was standing at arm's length from complainant while the principal offender was holding complainant around the neck and removing a money order from his pocket; that when the principal offender hollered "Come on and let's go", they both ran across the street with complainant in pursuit, and that after the police officer apprehended appellant and took him back to the scene complainant identified him as one of the two men who had robbed him. Assuming the truth of this evidence and giving the Government the benefit of all legitimate inferences to be drawn therefrom, there was ample basis for the court to find a prior relationship or conspiracy between appellant and the principal offender and to establish a prima facie case of aiding and abetting the assault and petit larceny. Appellant's subsequent testimony, brought out on direct examination by his own counsel, only strengthened the evidence of prior association and further implicated appellant as a participant in the commission of the crimes.[4]

Williams v. United States, D.C.App., 190 A.2d 269 (1963) and Rogers v. United States, D.C.Mun.App., 174 A.2d 356 (1961), cited by appellant, do not set forth any firm criteria for judging the degree of participation necessary in all cases of aiding and abetting, but only illustrate once again that each such case must be considered and decided on its own peculiar facts.

We are of the opinion that the evidence sufficiently supports the findings of the trial court and the convictions are

Affirmed.

3. Hall v. United States, 83 U.S.App.D.C. 166, 168 F.2d 161, 4 A.L.R.2d 1193, cert. denied, 334 U.S. 853, 68 S.Ct. 1509, 92 L.Ed. 1775 (1948); Ladrey v. United States, 81 U.S.App.D.C. 127, 155 F.2d 417, cert. denied, 329 U.S. 723, 67 S.Ct. 68, 91 L.Ed. 627 (1946); Dickson v. United States, D.C.App., 226 A.2d 364 (1967); McRae v. United States, D.C.App., 222 A.2d 848 (1966). But cf. Austin v. United States, 127 U.S.App.D.C. 180, 382 F.2d 129, 138, footnote 20 (1967); Crawford v. United States, 126 U.S.App.D.C. 156, 375 F.2d 332, 334 (1967); Cephus v. United States, 117 U.S.App.D.C. 15, 324 F.2d 893 (1963).

4. In this situation the waiver doctrine is still applicable. Cephus v. United States, supra note 3.