**In the Matter of Marc Alec REEDER.**

**No. 4876.**

District of Columbia Court of Appeals.

Submitted Dec. 2, 1969.

Decided Feb. 4, 1970.

Edwin H. Seeger, Washington, D.C., appointed by this court, for appellant.

Charles T. Duncan, Corp. Counsel, with whom Hubert B. Pair, Principal Asst. Corporation Counsel, Richard W. Barton and Lewis D. Clarke, Asst. Corporation Counsels, were on the brief, for appellee.

Before KERN, GALLAGHER, and NEBEKER, Associate Judges.

KERN, Associate Judge:

After a trial in the Juvenile Court, appellant was found to have participated in an assault with intent to commit robbery, D.C.Code 1967, § 22–501 (Supp. II, 1969). As a result, appellant was held to be under the jurisdiction of the court, § 11–1551(a) (1) (A), and "placed on probation for an indeterminate period of time." The complaining witness, a female teacher, testified that while she was standing on a school playground, appellant and another youth, who had been loitering nearby, came up to her, called her names and spat on her, and then the other youth threw her down while snatching her pocketbook. When she called for help, they ran away together. The government proceeded against appellant on the theory that he had aided and abetted the commission of the crime, and was thus as guilty as the principal offender. D.C. Code 1967, § 22–105.

Appellant's sole ground for appeal is that the evidence was insufficient to establish him as aider and abettor. After reviewing the record, we conclude that the evidence was sufficient, D.C.Code 1967, § 17–305(a), to support the trial judge's finding that appellant was a participant in the crime. In Corbin v. United States, D.C.App., 237 A.2d 466 (1968), the complaining witness testified that he was approached by two men and, while one stood by, the other "yoked" him and removed a money order from his pocket. Then they both fled together. We sustained the conviction of the one who stood by for assault and petit larceny. It is only necessary that the appellant was "associated with the principal offender in the venture and made a conscious effort to help it succeed." Williams v. United States, D.C. App., 190 A.2d 269, 270 (1963); *see also*

Long v. United States, 124 U.S.App.D.C. 14, 20, 360 F.2d 829, 835 (1966).

Appellant seeks to bring his case within Bailey v. United States, D.C.Cir., 416 F.2d 1110 (1969), but there the Government's evidence could establish nothing more than the defendant's presence at the scene of the crime without any showing of culpable purpose on his part. Here, in addition to an obvious association with his companion, appellant's actions toward the complainant encouraged and facilitated the attempted pocketbook snatching, and thus justified the finding by the Juvenile Court of his participation in the crime.

Affirmed.