UNITED STATES of America
v.
John A. CONNER, Appellant.
No. 71–1357.

United States Court of Appeals,
District of Columbia Circuit.
March 30, 1972.

Mr. Daniel Webster Coon, Washington, D.C. (appointed by this court) was on the brief for appellant.

Messrs. Thomas A. Flannery, U.S. Atty., at the time the brief was filed, and John A. Terry and Raymond Banoun, Asst. U.S. Attys., were on the brief for appellee.

Before McGOWAN, LEVENTHAL and MacKINNON, Circuit Judges.

PER CURIAM:

Following appellant's conviction of armed robbery, assault with a dangerous weapon, and forgery and uttering, he was sentenced to concurrent terms of 10 to 30 years for armed robbery and 3 to 10 years on each of the other counts, such sentences to be consecutive to any other sentence being served. The appeal

questions the constitutionality of a station house identification which occurred without benefit of counsel, and whether appellant aided and abetted the principal perpetrator of the forgery and uttering offenses.

As to the station house identification, appellant conceded at the pretrial hearing that it was not suggestive. With respect to his claim that his Sixth Amendment rights were violated, we note that the confrontation at the police station was accidental and not the result of any conscious action by the police. The witness was asked to come to the police station to identify a certain credit card that had been taken from him by a robber. He was not given any specific time to report (Tr. 17, 21, 29–30); but he went to the station about eight in the evening. When he arrived he was told that the particular officer was not there and he then decided to wait for the officer in the lobby (Tr. 17–19). Fifteen minutes later, while he was still waiting in the lobby, he saw two officers bring in two men and saw them go into another room. He immediately told the person seated at the desk that one of the men looked like the man who robbed him that day (Tr. 19–20). A few minutes later he repeated this same statement to Officer Toyer, whom he had never met previously. The police officer testified that they had not intended any confrontation when they asked the witness to come to the station house to identify certain credit cards (Tr. 29–32). Counsel admitted that the identification "was not suggestive" (Tr. 35, 36). The court ruled the witness had an independent basis for his identification (Tr. 39) and we agree.

We also find ample evidence to support the conviction on the charges that appellant aided and abetted the forgery and uttering offenses. Appellant was more than just an idle by-stander at the Sears store where his accomplice committed the principal offenses involving a Sears Roebuck credit card that had previously been stolen. Appellant was identified by the owner of the credit card as the person who had previously robbed him at gunpoint of the wallet which contained the credit card. The robbery had occurred on the morning of the forgery that appellant is charged with aiding and abetting. Appellant also accompanied the admitted forger of the sales slip to the Sears store and selected one of the suits which were charged to the owner of the credit card (Tr. 61, 62). When the Sears salesman asked them for their phone number appellant (not the forger) replied in effect, "I can't afford a telephone" (Tr. 69, 70).

There was also testimony that appellant stood next to the forger when he forged the name of the true owner of the stolen credit card and thus obtained the suits. Appellant also stood by while the forger misrepresented himself to the clerk as being the person named in the stolen credit card and later when the forger misrepresented himself to the store security guards as being the owner of the credit card. At the time of his arrest appellant was also carrying some of the items purchased with the stolen card (Tr. 57–58, 87–92) and when the forger was arrested and searched, other cards and documents which appellant had taken from the robbery victim were found in the forger's possession (Tr. 87–92).

All this is evidence from which the jury could conclude that appellant aided and abetted the forgery and uttering. In addition to participating in the criminal acts that furnished the forger with the identification and credit cards he used in obtaining credit on forged signatures (and thereby "aiding" such offenses), Conner had obvious knowledge that his accomplice was using a false name (Traylor) to correspond with the name of the owner of the credit card. Also Conner's selection of a suit which his accomplice charged to the credit card indicated that the two had previously "counseled" concerning use of the credit card. This circumstantial evidence of aiding and counselling is sufficient to bring the

proof within the aiding and abetting statute:

> Whoever commits an offense against the United States or *aids*, abets, *counsels*, commands, induces or procures its commission, is punishable as a principal. (Emphasis added.)

18 U.S.C. § 2(a). We accordingly find that the jury was well within its province in returning a verdict of guilty.

Affirmed.