294 A.2d 174 (1972)
In the Matter of T. J. W.
No. 6279.
District of Columbia Court of Appeals.
Argued June 12, 1972.
Decided August 10, 1972.
*175 Marsha A. Quintana, Washington, D. C., appointed by this court, for appellant. James O. Porter, Washington, D. C., also appointed by this court, entered an appearance for appellant.
Earl A. Gershenow, Asst. Corp. Counsel, with whom C. Francis Murphy, Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for appellee.
Before KELLY and PAIR, Associate Judges, and HOOD, Chief Judge, Retired.
PAIR, Associate Judge:
Appellant, a juvenile, was petitioned as an aider and abettor[1] in a robbery[2] and assault with a dangerous weapon.[3] Found to have been involved in the offenses charged, he was adjudged a delinquent. On this appeal he challenges the sufficiency of the evidence to sustain the judgment, contending principally that the government's proof established no more than that he was present when the offenses were committed. Finding in the record sufficient evidence to support the judgment, we affirm.
The complaining witness was Jerome Miller who was, at the time of the offenses, age 14. His testimony was in substance that on April 16, 1971, he was assaulted and robbed by a group of boys which included appellant. Jerome stated that he was accosted by a member of the group who asked him whether he had any money and, when he replied that he had none, he was told to "come here and sit down." Jerome complied and, a few minutes later when he attempted to leave, one of the boys grabbed his arm, twisted it behind his back and indicated to him that he was to walk to a wooded area a short distance away. The other boys, including appellant, followed.
Jerome stated that some one of the group felt his pockets but did not detect the dime he had in one pocket, and that then "[f]rom the littlest to the biggest, they started hitting on me." "I know all of them hit me. They went from the shortest to the biggest." He stated further that "[t]hey started off hitting me in the eye" and that he fell "after all of them got finished hitting me because my eye was swollen and couldn't rightly see out of it." During the course of the assault which lasted about five minutes, some one of the group struck him with a branch. Members of the group then removed Jerome's football *176 jersey, his jacket, pants and tennis shoes, and were later observed to flee into a nearby house.
Shortly thereafter, five members of the group, including appellant, were apprehended and identified by Jerome as participants in the assault and robbery.
On cross-examination, however, Jerome's testimony was somewhat contradictory. When interrogated regarding his identification of appellant as a participant in the assault, the following transpired:
Q. Now isn't it a fact, Jerome, that when appellant was brought out of the house, you . . . indicated . . . that he was . . . present but that he had not hit you?
A. Yes. But still what I'm trying to say is that I couldn't see because of this eye, and all of them were there. That's what counts.
Later, however, when asked by the police officer to try to remember who hit him he explained that he couldn't remember because he was in pain.
The credibility of the complaining witness and the weight to be given his testimony were, of course, considerations within the exclusive province of the trier of the facts. Kenhan v. United States, D. C.App., 263 A.2d 253 (1970).
Appellant contends, however, that the testimony of the complaining witness, even when viewed in the light most favorable to the government, was not sufficient to establish his involvement as an aider and abettor beyond a reasonable doubt. At best, says appellant, the evidence established only his presence as a bystander during the criminal activity.
But what is uncontroverted in the record is that (1) appellant was present at the original confrontation when money was demanded of Jerome; (2) he was present when Jerome was seized and, when he was required to walk to the wooded area, appellant followed closely behind; (3) appellant was present, if not an actual participant, at the time of the mass assault and the robbery; (4) appellant fled from the scene with those who assaulted Jerome and robbed him of his clothing; and (5) when arrested, appellant was in the company of the very persons whom Jerome later identified as participants in the assault and robbery.
What perhaps is most significant is that appellant did not, at any time, avail himself of opportunities to withdraw from the scene of the criminal activity. For instance, when, in his presence, money was demanded of Jerome, appellant could have disassociated himself from the group by simply walking away. Instead, when Jerome was seized and required to walk to the wooded area, appellant followed a few feet behind. Certainly, when the group began to assault Jerome, appellant could have left the scene  but again he chose to remain  and although he may not have actively participated in the assault and robbery by his continued presence he gave tacit approval and encouragement. Compare United States v. Barber, 429 F.2d 1394 (3d Cir. 1970), and Bailey v. United States, 135 U. S.App.D.C. 95, 98-99, 416 F.2d 1110, 1113-1114 (1969).
The well settled law is that the government is not required to negate every possible inference of innocence before an accused can be found guilty of an offense beyond a reasonable doubt. Banks v. United States, D.C.App., 287 A.2d 85, 87 (1972). While it is true that there was contradictory testimony by the complaining witness, in our view, the uncontroverted testimony "afforded ample basis for the [trier of fact] to draw the reasonable and permissible inference that Appellant was involved [as an aider and abettor] in the criminal conduct."[4] United States v. Conner, D.C.Cir., 462 F.2d 296 (decided March 30, 1972); United States v. Prater, D.C. *177 Cir., 462 F.2d 292 (decided March 30, 1972); Thompson v. United States, 132 U. S.App.D.C. 38, 405 F.2d 1106 (1968). See also United States v. Lumpkin, 145 U.S. App.D.C. 162, 448 F.2d 1085 (1971); cf. Bailey v. United States, supra, and United States v. Barber, supra.
We are, therefore, unable to say that the court's finding that appellant was an aider and abettor in the assault and robbery was plainly wrong. See Porter v. United States, D.C.App., 282 A.2d 559, 561 (1971); Swailes v. District of Columbia, D.C.App., 219 A.2d 100, 102 (1966); Bell v. District of Columbia, D.C.App., 218 A.2d 520 (1966).
Affirmed.
NOTES
[1] D.C.Code 1967, § 22-105.
[2] Id. § 22-2901 (Supp. V, 1972).
[3] Id. § 22-502.
[4] Thompson v. United States, 132 U.S.App.D.C. 38, 39, 405 F.2d 1106, 1107 (1968).