**DISTRICT OF COLUMBIA, Appellant,**

v.

**D. E. P., Appellee.**

**No. 7190.**

District of Columbia Court of Appeals.

Argued Sept. 27, 1973.

Decided Nov. 28, 1973.

Leo N. Gorman, Asst. Corp. Counsel, Washington, D. C., with whom C. Francis Murphy, Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellant.

Robert W. Michels, Washington, D. C., appointed by this court, for appellee.

Before KELLY, PAIR and HARRIS, Associate Judges.

KELLY, Associate Judge:

This appeal by the District of Columbia is from an order of the trial court, Family Division, dismissing a delinquency petition for social reasons. The District contends (1) that the trial court committed reversible error when it refused the District's request to set forth the reasons for taking such action and (2) that the court lacked sufficient facts to make an informed judgment that D. E. P. was not in need of additional care or supervision.

On February 1, 1973, the District filed a petition alleging that on October 9, 1972, D. E. P., a juvenile, had violated D.C.Code 1973, § 33–402(a) and 21 U.S.C. § 841(a) (1970), by possessing and selling marijuana. At a detention hearing that same day the court was informed that the juvenile was currently under commitment on an earlier petition; that she had recently been released from the Children's Center, Cedar Knoll School, and was living with her mother, and that she was scheduled to begin classes at Washington Technical Institute the following week to obtain a high school equivalency certificate. Counsel for D. E. P. then moved to dismiss the petition both for social reasons and for want of prosecution. The judge inquired into the reasons for the delay in petitioning the ju-

venile and, when informed that the delay was caused by the use of an undercover officer as investigator, proceeded to hear from D. E. P. and the arresting officer in a probable cause hearing and to hear argument of counsel on the motion to dismiss. He thereafter granted the motion stating, "This case is dismissed for social reason." [1] When asked by the government to delineate his reasons for so ruling he responded, "You have requested it; it's on the record." [2] This appeal followed.

We have held that the trial court has the power under Super.Ct.Juv.R. 48(b) [3] to dismiss a delinquency petition filed against a juvenile for social reasons when such action is in the interests of justice and the welfare of the child and that such dismissal is within the court's sound judicial discretion, subject to review only for abuse of that discretion. In re M. C. F., D.C.App., 293 A.2d 874 (1972). Rule 48(b) requires, however, that upon request of the Corporation Counsel the court shall set forth its reasons for such dismissal. [4] In this instance the judge declined the Assistant Corporation Counsel's request that he delineate his reasons beyond the bare statement that he was dismissing the case for social reasons. In our judgment the use of the phrase "social reasons" alone does not fulfill the requirement of Rule 48 (b) that the court shall say why it is in the interests of justice and the welfare of the child that the petition be dismissed. Moreover, effective appellate review is impossible without a specific understanding of the reasoning applied by a trial court in reach-

1. Tr. at 24.

2. Tr. at 25.

3. Rule 48(b) BY THE DIVISION. Even though the Division may have acquired jurisdiction, it may at any time during or at the conclusion of any hearing dismiss a petition and terminate the proceedings relating to the child, if such action is in the interests of justice and the welfare of the child. The reasons for such dismissal shall be set forth upon request of the Corporation Counsel. Once a factfinding hearing has begun, any dismissal is with prejudice to any fur-

ther proceedings on the subject. Unnecessary delay in the filing of a petition or in bringing a respondent to a hearing or disposition is a factor to be considered by the Division when deciding whether to dismiss a petition.

4. The rules of Superior Court, having been adopted pursuant to congressional authority, have the force of law and bind both judges and litigants alike. Wright v. Mathias, D.C. Mun.App., 128 A.2d 658, 659 (1957); Simcic v. United States, D.C.Mun.App., 86 A.2d 98, 100, aff'd, 91 U.S.App.D.C. 102, 198 F.2d 951 (1952).

ing its conclusion that a juvenile petition should be dismissed without a factfinding hearing or without an ultimate finding. *See* Kent v. United States, 383 U.S. 541, 561, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966); United States v. Snow, 484 F.2d 811 (D.C. Cir., 1973). Accordingly, it was error for the trial judge not to comply with the Assistant Corporation Counsel's request.[5]

Reversed and remanded.

---

5. Our disposition of this case obviates the need to consider appellant's contention that the court lacked sufficient facts to make an informed judgment concerning D. E. P.'s need for additional care or supervision.