**Reginald F. CREEK, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 7891.**

District of Columbia Court of Appeals.

Argued June 25, 1974.

Decided Aug. 30, 1974.

Miles Gersh, Washington, appointed by this court, for appellant.

Joel DuBoff, Asst. U.S. Atty., with whom Earl J. Silbert, U.S. Atty., John A. Terry and Charles F. Flynn, Asst. U.S. Attys., were on the brief, for appellee.

Before REILLY, Chief Judge, and GALLAGHER and YEAGLEY, Associate Judges.

PER CURIAM:

This is an appeal from a conviction of robbery in violation of D.C.Code 1973 § 22–2901. Appellant's sole contention is that the evidence was insufficient to support the verdict. We disagree and affirm.

The evidence shows that on a late winter afternoon, a married woman, who lived in the Capitol Hill section, was returning with her son from a shopping trip. As she parked her car on a side street near her house, she noticed three young men walking together on the sidewalk in her direction. She waited until they had passed her car and then walked behind them around the corner to her home, a rowhouse with a front gate and stairs leading up to the door.

When she reached her gate the trio were ahead of her on the sidewalk and still

---

walking. After closing the gate behind her and starting to unlock the door, one of the youths suddenly materialized on the doorstep, pulled her pocketbook from under her arm, ran down the stairs and jumped over the gate. She turned and saw his two companions watching just outside the gate, slightly crouched. As 'the purse-snatcher made his exit, they ran with him down the street.

The woman reported the incident to a reserve police officer who happened to be passing and had seen the group run in front of his car. He pursued them on foot but lost them as they rounded a corner. Soon thereafter, a police officer in a scout car, pursuant to a radio message, saw three persons running together a few blocks from the scene. He was able to catch only one, appellant. The latter was arrested and identified by the victim almost immediately thereafter as one of the two standing beside the gate when her pocketbook was grabbed.

At the close of the government's case, appellant moved for judgment of acquittal, which motion was denied. He presented no defense, and the jury returned a verdict of guilty.

■ Though not the actual perpetrator, appellant was chargeable as a principal upon proof that he aided or abetted the commission of the crime. D.C.Code 1973, § 22–105. Aiding and abetting is established if the accused " . . . in some sort associated himself with the venture . . . participated in it as in something that he wished to bring about, [and] . . . [sought] by his action to make it succeed." United States v. Peoni, 100 F.2d 401, 402 (2d Cir. 1938) (L. Hand, J.); *accord,* Nye & Nissen v. United States, 336 U.S. 613, 619, 63 S.Ct. 766, 93 L.Ed. 919 (1949).[1]

■ Presence at the scene of the crime, while insufficient without more to prove criminal complicity, Hicks v. United States, 150 U.S. 442, 447–448, 14 S.Ct. 144, 37 L.Ed. 1137 (1893); Corbin v. United States, D.C.App., 237 A.2d 466 (1968), will nevertheless, constitute aiding and abetting if it " . . . designedly encourages the perpetrator, facilitates the unlawful deed . . . or . . . stimulates others to render assistance to the criminal act. . . . " Bailey v. United States, 135 U.S.App.D.C. 95, 98–99, 416 F.2d 1110, 1113–1114 (1969).

■ Assuming the truth of the government's evidence and giving it the benefit of all permissible inferences, as we must, a reasonable juror could have found beyond a reasonable doubt that appellant aided and abetted the commission of the crime. *See* Fleming v. United States, D.C.App., 310 A.2d 214, 218 (1973); Crawford v. United States, 126 U.S.App.D.C. 156, 158, 375 F.2d 332, 334 (1967); Curley v. United States, 81 U.S.App.D.C. 389, 392, 160 F.2d 229, 232, cert. denied, 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850 (1947).

Appellant was no innocent bystander. He was walking in the company of the actual robber immediately prior to the offense, retraced his steps with him when the latter turned back to complainant's house and stationed himself at the front gate while the purse was being seized. He fled with the thief and he was still with him when they were confronted by the police. The inference that appellant's presence by the gate "designedly encouraged" or "facilitated" the robbery is clearly warranted.

In our opinion, the rationale of this court in In re T.J.W., D.C.App., 294 A.2d 174 (1972), where a conviction was upheld over objections similar to those raised by appellant here, is in point. There, the ap-

---

1. *See also* Model Penal Code, § 2.06(3)(a)(ii), (Prop.Off. Draft 1962):

   (3) A person is an accomplice of another person in the commission of an offense if:

   (a) with the purpose of promoting or facilitating ¡the commission of the offense, he

. . . . .

   (ii) aids or agrees or attempts to aid such other person in planning or committing it. . . .

pellant was found to have aided and abetted the commission of an assault and robbery on evidence that he was present when the victim was asked for money, directed to a wooded area, and assaulted and robbed; that he fled from the scene with the perpetrators; and that he was in their company when arrested. We observed that the defendant " . . . did not . . . avail himself of opportunities to withdraw from the scene of the criminal activity. . . . [though he] could have disassociated himself from the group by simply walking away. . . .", and ". . . although he may not have actively participated in the assault and robbery by his continued presence . . . gave tacit approval and encouragement." *Id.* at 176. This is equally true of appellant's conduct in the case at bar. *See also* Corbin v. United States, supra.

Affirmed.