348 A.2d 301 (1975)
In the Matter of R. D. J., Appellant.
No. 7936.
District of Columbia Court of Appeals.
Argued June 20, 1974.
Decided December 8, 1975.
*302 Frederick H. Weisberg, Washington, D. C., appointed by the court, for appellant.
Leo N. Gorman, Asst. Corp. Counsel, with whom C. Francis Murphy, Corp. Counsel, Louis P. Robbins, Principal Asst. Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington, D.C., were on the brief, for appellee.
Before REILLY, Chief Judge, and KELLY and HARRIS, Associate Judges.
PER CURIAM:
Appellant was charged in a juvenile petition with burglary in the second degree and grand larceny in violation of D.C. Code 1973, §§ 22-1801(b) and -2201, respectively, and, after a fact-finding hearing, was found guilty of both offenses. He assigns as errors (1) the trial court's failure to order the government to produce purported Jencks Act material,[1] (2) its refusal to appoint special counsel for two juvenile witnesses, (3) its denial of appellant's motion for judgment of acquittal on the grand larceny charge, and (4) an asserted noncompliance with Super.Ct.Juv.R. 31(a), requiring special findings.
The charges stemmed from a police investigation of a reported afternoon breakin of an apartment by a number of high school boys while the tenant and his wife were at work. According to the tenant's testimony at the hearing, the apartment was ransacked and the following items were stolen: a portable television, a cassette tape player, a stereo component set with turntable and speakers, a Panasonic radio with speakers, an 8-track tape player with speakers, and a red bedspread. He placed their aggregate value at $560.
*303 Three other witnesses testified for the prosecution at the hearing, one, a police-woman who had talked to the tenant on the telephone after he had reported the matter to the police, and whose subsequent investigation had led her to interview several adolescents who lived near by. The other two were schoolgirls  one, a younger sister of the appellant. They testified that they had entered the corridor of the apartment building the afternoon of the break-in, noticed appellant and two other boys (whom they identified) carrying objects out of the tenant's apartment, the door of which was open.[2]
Appellant then took the stand. He admitted his presence at the scene of the crime but denied any participation in it. He testified that he entered the apartment building with another boy, who had asked him to "watch out for him", but he refused  being already on probation. He said, however, that he stayed in the hall some 20 minutes while the apartment was being ransacked and that when his sister appeared he warned her not to tell anyone about what she had seen.
Appellant's first contention is that the trial court failed to comply with the Jencks Act by refusing to direct the government to produce for its inspection the notes of lice officer of her telephone conversation with the complainant, and (2) the notes taken by the prosecutor the morning of the trial at an interview with the first girl witness.
There was no evidence that the officer had ever made detailed written notes of what complainant said on the telephone, but it does appear that the court was in error in not ordering the prosecutor to produce for its inspection the notes of his pretrial interview with the witness. In re S.W.B., D.C.App., 321 A.2d 564 (1974). In view of the overwhelming evidence of appellant's guilt from sources other than this witness, such error was not prejudicial. See Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); Kane v. United States, 431 F.2d 172 (8th Cir. 1970); United States v. Missler, 414 F.2d 1293 (4th Cir. 1969), cert. denied, 397 U.S. 913, 90 S.Ct. 912, 25 L. Ed.2d 93 (1970); Lewis v. United States, 340 F.2d 678 (8th Cir. 1965).
Even accepting appellant's own version of the incident as true, such testimony proved that, at the minimum, he aided and abetted the commission of the offense. See Creek v. United States, D.C. App., 324 A.2d 688 (1974); In re T.J.W., D.C.App., 294 A.2d 174 (1972); Bailey v. United States, 135 U.S.App.D.C. 95, 416 F.2d 1110 (1969). Therefore, he was chargeable as a principal. D.C.Code 1973, § 22-105.
Appellant also argues that the court's refusal to appoint counsel for the two young girls before they were permitted to go on the witness stand, and its acceptance of the prosecutor's promise not to prosecute as a grant of immunity, was violative of their Fifth Amendment privilege against self-incrimination, claiming standing to assert their privilege in reliance upon Ellis v. United States, 135 U.S.App. D.C. 35, 416 F.2d 791 (1969).
The Ellis case is inapposite. There, the trial court compelled a witness to testify after he had claimed his privilege. Although this judicial compulsion conferred immunity upon the witness, Murphy v. Waterfront Commission of New York Harbor, 378 U.S. 52, 84 S.Ct. 1594, 12 L. Ed.2d 678 (1964), the appellate court reversed, holding that the trial court had usurped a function reserved to the executive.
Here, the witnesses were at all times willing to testify, which was not surprising as there was nothing in their testimony to *304 indicate that they were anyting other than innocent bystanders. By contrast, the reluctant witness in Ellis was the appellant's "companion in crime." 135 U.S.App.D.C. at 37, 416 F.2d at 793.
Moreover, the trial court in the instant case did not exercise a function of the executive branch, as it was the prosecutor, not the court, which granted immunity.[3]
Appellant further argues that the evidence was insufficient to sustain a conviction of grand larceny as the sole evidence of the value of the items stolen was the owner's estimate of their worth. Viewing the evidence in the light most favorable to the government, as we must, Crawford v. United States, 126 U.S.App. D.C. 156, 375 F.2d 332 (1967), we regard the evidence as based on an estimate of current market value, not original cost.
Appellant contends that expert testimony was required to establish market value. We rejected a similar argument in Saunders v. United States, D.C.App., 317 A.2d 867 (1974), where we held that "[t]he market value of a chattel . . . may be established by the testimony of its non-expert owner. . . ." Id. at 868. Boone v. United States, D.C.App., 296 A. 2d 449 (1972), and United States v. Thweatt, 140 U.S.App.D.C. 120, 433 F.2d 1226 (1970), upon which appellant relies, are both distinguishable on the facts.
At the end of the fact-finding hearing, defense counsel requested special findings of fact under Super.Ct.Juv.R. 31(a). The court responded as follows:
THE COURT: I find, from the point of view of the burglary II, that this respondent entered into a criminal enterprise with Mr. M* * *
MR. GUIDOBONI: M* * *, your Honor.
THE COURT: M* * * and one L * * * ; such enterprise consisting of the breaking and entering of the premises known as 1715 28th Place, Southeast, Apartment Number 6 on or about May 24th, 1973 between 9:00 in the morning and 3:30 in the afternoon, and that they did so enter those premises by way of breaking and forcing the back window while doing so with the intent to commit larceny from within the premises of certain property that might have been located and found therein. That they did do that, and that while there, they removed therefrom certain property then being the rightful property of Mr. Wylie J. Myers; such property consisting of a portable television set, a component set, a Panasonic Radio, and two cassette tape recorders and a red bedspread all having the approximate value on May 24th, 1973 of five hundred and sixty dollars; and that when they took that property from within, they took it with the intent to permanently deprive the rightful owner thereof and have indeed done so to this date to his detriment and to their benefit or to the benefit of others over and above the rightful owner thereof, Mr. Wylie J. Myers.
Appellant argues that these findings were inadequate because the court made no determination as to the credibility of the two eyewitnesses to the crime. This contention is without merit. The trial court's special findings adequately covered each element of the offenses of burglary in the second degree and grand larceny. Cf. United States v. Snow, 157 U.S.App.D.C. 331, 484 F.2d 811 (1973). Even assuming the eyewitnesses' testimony was in conflict, a special finding as to which one the court *305 believed, was unnecessary. In advancing this contention, counsel appears to have missed the distinction between facts and testimony. Plainly the court's findings were based on conclusions of fact drawn from appraisal of all the testimony, including appellant's. Whether appellant was an actual perpetrator or an aider and abettor is immaterial. In either case, he was chargeable in every respect as a principal. D.C.Code 1973, § 22-105.[4]
Affirmed.
NOTES
[1] 18 U.S.C. § 3500 (1970).
[2] Appellant's sister described her brother's role as that of a lookout, standing beside the open apartment door so that he could observe any persons happening into the hallway.
[3] Appellant argues that the Corporation Counsel is bound by Title II of the Organized Crime Control Act of 1970, 18 U.S.C. §§ 6001-6005 (1970), and that the prosecutor at trial failed to comply with it by granting immunity without authorization from the Attorney General. The record does not raise this question, as the statute applies only to witnesses who refuse to testify on the basis of self-incrimination. 18 U.S.C. § 6002 (1970).
[4] Appellant's reliance on District of Columbia v. D. E. P., D.C.App., 311 A.2d 831 (1973), and In Re DeJ., D.C.App., 310 A.2d 834 (1973), is misplaced. In D. E. P., the trial court dismissed a delinquency petition pursuant to Super.Ct.Juv.R. 48(b). We remanded because the court failed to set forth reasons for its action as required by that rule upon request of the Corporation Counsel. In the DeJ. case, the trial court ordered pretrial detention of a juvenile defendant without stating the reasons for his action as required by D.C.Code 1973, § 16-2312(d), and D.C.App.R. 9(a)(2). Again we remanded for a statement of reasons.

Super.Ct.Juv.R. 31(a), in contrast to the provisions involved in those cases, does not require the trial court to give reasons for its conclusions. A requirement of special findings of fact is not tantamount to a requirement of reasons. Cf. Dorszynski v. United States, 418 U.S. 424, 94 S.Ct. 3042, 41 L. Ed.2d 855 (1974).