Monique BANKS and Mark
Banks, Appellants,

v.

UNITED STATES, Appellee.

Nos. 04–CF–1511, 04–CF–1512.

District of Columbia Court of Appeals.

Submitted June 22, 2006.

Decided July 13, 2006.

A. Kevin Fahey, Washington, DC, filed a brief for appellant Monique Banks.

Glen Franklin Koontz, Martinsburg, WV, filed a brief for appellant Mark Banks.

Kenneth L. Wainstein, United States Attorney, and Roy W. McLeese III, Nicole Lehtman, and Edith M. Shine, Assistant United States Attorneys, filed a brief for appellee.

Before WASHINGTON, Chief Judge, and FARRELL and REID, Associate Judges.

PER CURIAM:

Mark and Monique Banks (brother and sister) appeal from their convictions by a jury of one count each of felony receipt of stolen property. *See* D.C.Code §§ 22–3232(a) & 22–3232(c)(1) (2001). Both contend that the evidence was insufficient to support their convictions, and Monique Banks claims error in the trial court's refusal to instruct the jury on the lesser-included offense of misdemeanor receipt of stolen property. *See id.* § 22–3232(c)(2).

We hold that the evidence was sufficient to support both convictions, but that Monique Banks—who alone requested the lesser-included offense instruction and alone raises the erroneous denial of that instruction on appeal—was entitled to a jury instruction on misdemeanor receipt of stolen property. The government suggests that if we agree with Ms. Banks on that point, the case should be remanded as to her to permit the prosecution to elect between retrial on the greater charge and entry of judgment by the trial court on the lesser-included offense of misdemeanor receipt of stolen property. Ms. Banks makes no contrary argument. We adopt that course. *See Willis v. United States,* 692 A.2d 1380, 1382–83 (D.C.1997).

## I.

In early April 2003, Harvey Brooks bought a used Plymouth minivan for $4,000. The year of manufacture is not shown by the record. In the week of April 25, 2003, the car was stolen from his home. The police found the van within a few days, and when Brooks examined it, he saw that the door, ignition, and dashboard had been damaged. Brooks identified a photograph of the interior of the recovered van: it showed that the ignition or steering column had been "cracked," the ignition switch had been pulled out, and the dashboard was damaged. An insurance appraiser told Brooks that the van was not worth the cost to repair the damage, which was estimated to be over $3,000, and that the car would be considered "totaled."

Brooks did not know either appellant and had not given either permission to use his car. On April 25, 2003, Metropolitan Police Department (MPD) Officer Ngyun observed an occupied vehicle—Brooks's minivan—blocking a private driveway in an alley. The van's engine was running. Ngyun and MPD Officer Antonio approached the vehicle where Monique Banks was seated in the front passenger seat, and Mark Banks in the driver's seat. Using his flashlight to see inside, Antonio could see that the ignition switch was missing and the dashboard was broken. Appellants were arrested.

## II.

We hold first that the evidence was sufficient to support appellants' convictions. In making that determination, we

> view[ ] the evidence in the light most favorable to the government, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact.... The evidence may be deemed sufficient

> even if it does not exclude every reasonable hypothesis other than guilt.... It is only where there is no evidence upon which a reasonable mind might fairly conclude guilt beyond a reasonable doubt that the trial court may properly take the case from the jury.

*Gibson v. United States,* 792 A.2d 1059, 1065 (D.C.2002) (internal quotation marks and citations omitted). To convict appellants of felony receipt of stolen property, the government had to prove (1) that they bought, received, possessed, or obtained control of stolen property; (2) knowing or having reason to believe that the property was stolen; and (3) that the value of the property was $250 or more. D.C.Code §§ 22–3232(a) & 22–3232(c)(1).

Although Ms. Banks contends weakly that the minivan stolen from Brooks was not the same vehicle recovered, the testimony of Brooks and Officer Antonio allowed the jury to find that the stolen vehicle and the van appellants occupied were the same. Further, appellants' knowledge that the van was stolen could be inferred reasonably from Antonio's testimony that, from where he stood outside the vehicle on the passenger side, he could see that the ignition was punched or missing, the dashboard was broken, and there was no key in the ignition, even though the vehicle was running. *See In re C.A.P.,* 633 A.2d 787, 792 (D.C.1993). Appellants' unsatisfactorily explained possession of the van, stolen only days before, further supported the conclusion that they knew the vehicle was stolen. *See Charles v. United States,* 371 A.2d 404, 407 (D.C.1977).

Appellants challenge the sufficiency of the evidence with respect to the value of the van. The government had to prove only, however, that the minivan had a value of at least $250 at the time appellants received it, *see Hebron v. United*

*States,* 837 A.2d 910, 911 (D.C.2003) (en banc); *Nichols v. United States,* 343 A.2d 336, 341 (D.C.1975); the "absolute value of the item[ ] stolen" was not an issue. *Hebron,* 837 A.2d at 913. The jury could reasonably infer the required value from evidence of the vehicle's purchase date and the price Brooks paid for it. *See id.* at 913–14. Brooks testified that he had bought the vehicle approximately a month before it was stolen for $4,000. Although it was seriously damaged when appellants were found occupying it, it remained somewhat operable.[1] These facts were sufficient to permit a finding beyond a reasonable doubt that it was worth at least $250.

## III.

 Monique Banks's appeal, however, presents the additional question of whether a rational jury *had to* find the value of the car to be at least $250, or whether the trial court's refusal to instruct on misdemeanor receipt of stolen property deprived her of a possible verdict on that charge fairly supported by the evidence. A lesser-included offense instruction must be given when there is "evidence, however weak, sufficient to support a conclusion that the defendant is guilty of the lesser rather than the greater offense." *Comber v. United States,* 584 A.2d 26, 54 (D.C. 1990) (en banc). "[T]he *weight* of the evidence supporting the instruction is immaterial; as long as a jury could rationally convict on the lesser-included offense after crediting the evidence, the court must give the instruction no matter how inclined it might be to discount that evidence." *Shuler v. United States,* 677 A.2d 1014, 1017 (D.C.1996) (emphasis in original). On the other hand, the chance of a "bizarre" or speculative verdict affords the defendant no entitlement to the instruction. *Id.*

Ms. Banks contends that there was "evidence, however weak," that the used minivan had depreciated greatly in value as a result of the physical damage—to the point that the insurance company considered the car "totaled"—by the time it came into her possession. The government responds that no meaningful inference can be drawn from the insurer's mere decision not to pay the estimated cost of repairs (rather than "just total it"); that the car could apparently still be driven at the time of the arrests; and that a conclusion by jurors that a minivan worth $4,000 less than a month before it was damaged had sunk in value to under $250 would have been speculative.

The government's argument does not persuade us. True, as the United States says in its brief, "there was no evidence that the minivan was *in fact* worth less than $250" at the time of the arrests, but Ms. Banks would not have had the burden of proving that fact to a jury given a choice between the two offenses; a reasonable doubt on the point was all she needed. What Banks did proffer to support the instruction was that a used car of unknown date of manufacture had experienced damage amounting to three-fourths of its purchase-price before she "received" it, and that the insurance appraisal had concluded that the vehicle was not worth the cost of repairing. Although the government need not prove value by expert testimony, *see In re R.D.J.,* 348 A.2d 301, 304 (D.C.1975), it is nonetheless telling that no witness with expertise—indeed, no one at all—sought to counter the inference lay jurors might fairly have reached that a car "total[ly]" damaged in the insurance company's eyes had lost any quantifiable value.

---

1. While the police did not see appellants drive the car, it appeared to have been "backed into ... a driveway," and the motor was running.

Thus, the government's argument apparently comes down to the fact that, in today's dollars, as long as a motor vehicle more or less runs then it must exceed $250 in value. That might be a reasonable inference for a jury to draw, but for the refusal of the lesser-included offense instruction to be proper, it would have had to be the only inference rationally available to the jury. That is not a conclusion we are prepared to reach.

Because there was evidence from which a jury, without speculating, could have found that the government did not meet its burden of proving the value necessary to convict for a felony,[2] the trial judge erred in denying Ms. Banks's request to instruct on the lesser-included offense.

*Affirmed as to appellant Mark Banks; reversed and remanded as to appellant Monique Banks.*

---

**2.** Although not directly material to our analysis, it is worth noting that the maximum penalty for felony receipt of stolen property is seven years, compared to 180 days for the lesser crime.