William JENKINS, Appellant,

v.

UNITED STATES, Appellee.

No. 2235.

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 6, 1958.

Decided Nov. 24, 1958.

3. 47 A.2d 398, 399.

Charles A. Schaeffer, Washington, D. C., for appellant.

Louis M. Kaplan, Asst. U. S. Atty., Washington, D. C., with whom Oliver Gasch, U. S. Atty., and Carl W. Belcher,

Asst. U. S. Atty., Washington, D. C., were on the brief, for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11-776(b).

CAYTON, Acting Judge.

Striking at the narcotics evil, Congress in 1956 enacted for this jurisdiction a special vagrancy statute, which provides in part:

"For the purpose of this section—

"(1) the term 'vagrant' shall mean any person who is a narcotic drug user or who has been convicted of a narcotic offense in the District of Columbia or elsewhere and who—

"(A) having no lawful employment or visible means of support realized from a lawful occupation or source, is found mingling with others in public or loitering in any park or other public place and fails to give a good account of himself; or * * *

"(C) wanders about in public places at late or unusual hours of the night, either alone or in the company of or association with a narcotic drug user or convicted narcotic law violator, and fails to give a good account of himself * * *."

The statute also provides:

"In all prosecutions under the provisions of this section, the burden of proof shall be upon the defendant to show that he has lawful employment or has lawful means of support realized from a lawful occupation or source."

Code 1951, § 33-416a (Supp. VI); 70 Stat. 420, ch. 676, Title III, sec. 301(l).

Jenkins was charged under that law, and a jury convicted him.

We first consider his claim that the law is unconstitutional. His brief cites no cases on this point; nor does it present any argument except the statement that the statute "restricts his freedom of movement guaranteed him under the Constitution" by stating with whom he can or cannot associate.

The answer is that the statute does not unreasonably interfere with any citizen's freedom of movement or association. It does lay restrictions on one who is a narcotic drug user or who has been convicted of a narcotic offense, and declares him a vagrant in certain areas of behavior and association. It requires that the Government first prove the preliminary elements of the offense, and says that when that has been done, the defendant is under a duty to show lawful employment, etc.

This is one of the limited classes of criminal litigation in which courts have more and more been approving legislation which says to defendants in certain special circumstances (usually of their own making) that they will be expected to give a reasonable account of themselves. This is not repugnant to established constitutional guarantees: it is a proper judicial regard for the right of Congress to cope realistically with grave and difficult problems of public safety and law enforcement. Rossi v. United States, 289 U.S. 89, 53 S.Ct. 532, 77 L.Ed. 1051; Morrison v. California, 288 U.S. 591, 53 S.Ct. 401, 77 L.Ed. 970; Morrison v. California, 291 U.S. 82, 54 S. Ct. 281, 78 L.Ed. 664. These and other cases reflect the view that within the limits of reason and fairness, and upon a balancing of convenience or of opportunity for knowledge, an accused may be required to present evidence of the nature required by statutes of this kind.

Discussing an earlier vagrancy statute, we said:

"We think there is no question of the constitutionality of our statute if it is construed so that no burden is cast

upon a defendant to prove lawful means of support until the prosecution has first proved, or offered evidence tending to prove, the other elements of the offense." Rogers v. District of Columbia, D.C.Mun.App., 31 A.2d 649, 652; Clark v. District of Columbia, D.C.Mun.App., 34 A.2d 711.

■■■■ Vagrancy is a status or condition declared wrong by law, and punishment is directed against one who places himself in such status. Hunt v. District of Columbia, D.C.Mun.App., 47 A.2d 783. Affirming, in 82 U.S.App.D.C. 159, 163 F.2d 833, 835, the court said: "A vagrant is a probable criminal; and the purpose of the statute is to prevent crimes which may likely flow from his mode of life." To accomplish that purpose, statutes like this require that a defendant must respond to fair and orderly inquiry; and after the Government has proved the elements it is required to prove, the defense must come forward with answering evidence. The act as drawn, and construed as we have said it should be, is valid and constitutional.

■■■■ Appellant says the evidence was insufficient to support the conviction. He moved for a directed verdict at the close of the Government's case, and the motion being denied he put in his evidence and did not renew the motion at the end of the case. He does not now have the right to challenge the sufficiency of the evidence. Battle v. United States, 92 U.S.App.D.C. 220, 206 F.2d 440; Cooper v. United States, D.C.Mun.App., 123 A.2d 918, 920; Rogers v. District of Columbia, D.C.Mun.App., 31 A.2d 649. Nevertheless, because this is the first case to come here under the statute, we have studied the evidence and considered this assignment of errors on its merits.

■■■■ The record reveals that the arrest was not made as the result of a hasty or random observation of defendant. On the contrary, there was a long series of inquiries by several police officers. There

was testimony that appellant had in 1952 been convicted of a narcotics law violation. In August 1957, at five-thirty in the morning, a police officer found him walking with a girl and asked him what he was doing and where he worked; he answered that he had been drinking and was trying to find more liquor; he said he worked at a golf course but when asked to name it did not do so. A week later another officer found defendant in a parked open convertible automobile at 2:30 a. m. seated between two men whom the officer knew to have been convicted of narcotics violations (and whose records of conviction were presented in evidence).

A third officer encountered defendant on October 22 at 2:30 a. m. standing on a street corner and asked what he was doing. Defendant answered that he had just gotten something to eat at a carry-out shop; he also said he was not working and "wasn't making any money since his girl friend had been locked up."

The following morning, at about 11:30, still another officer saw defendant in the company of an admitted narcotics user; defendant placed a "white object" in his mouth; responding to the officer's question, defendant said he was not employed.

It cannot be doubted that the evidence just recited placed defendant in both the categories prohibited by paragraphs A and C of the statute here involved.

Defendant did not take the stand, but offered witnesses to show that he had been employed. One of these periods of employment was prior to the events above recited. Another was for a time mostly subsequent to that covered in the officers' testimony. The defense evidence was by no means such as to justify a directed verdict.

■■■■ Appellant claims error because it was not shown that he knew the three men with whom he was found were drug users or convicted drug law violators. He cites Witters v. United States, 70 App.D.C. 316, 106 F.2d 837, 125 A.L.R. 1031. That case dealt with a wholly different legal sit-

uation, a receiving-stolen-property case where proof of guilty knowledge is required by statute. The statute governing this case makes no reference to guilty knowledge. And we agree with the Government that it would be wrong for the courts to require such proof in this type of case. We think it is fair to assume that a defendant who did not know of the habits or criminal records of his companions or associates could satisfy a jury on that score. We also assume that in instructing the jury the judge covered this matter accurately and satisfactorily to defendant, since the jury charge is not in the record and no error has been assigned with reference thereto.

■■ Another matter: defendant says the record of his drug-act conviction was improperly admitted because his character was not in issue. The simple answer is that the prosecution was required under the statute to prove that he was "a narcotic drug user or [one] who has been convicted of a narcotic offense * * *." Though there was no verbal testimony that he was the same William Jenkins named in the certified record of conviction, "It is the general rule that identity of names will be accepted as prima facie evidence of identity of persons." Jacobs v. United States, 58 App.D.C. 62, 24 F.2d 890, 891; Hefferman v. United States, 3 Cir., 50 F.2d 554.

Other contentions of appellant have been considered, but because they are without merit they need not be discussed.

Affirmed.