**John W. McRAE, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 4116.**

District of Columbia Court of Appeals.

Argued Sept. 14, 1966.

Decided Oct. 3, 1966.

Karl G. Feissner, Washington, D. C., (appointed by this court), for appellant.

Scott R. Schoenfeld, Asst. U.S. Atty., with whom David G. Bress, U.S. Atty., Frank Q. Nebeker and Arthur L. Burnett, Asst. U.S. Attys., were on the brief, for appellee.

Before QUINN and MYERS, Associate Judges, and CAYTON (Chief Judge, Retired).

CAYTON, Judge.

On this appeal from a conviction of petit larceny (D.C.Code, § 22–2202) appellant challenges the sufficiency of the evidence. He urges that for failure to prove a prima facie case he was entitled to a judgment of acquittal at the close of the Government's case; also that the trial court erred in allowing defense evidence to bolster or complete "an otherwise imperfect case."

A detective testified that in a local department store he saw appellant take a pair of maternity slacks from a rack and conceal it under the left side of a jacket he was wearing; that appellant, joined by a lady who had been in a nearby fitting room, went by escalator to the floor below and there, noticing that he was being followed, attempted to pull the garment from under his jacket and place it among some articles of boys' clothing. The detective admitted that appellant had ample money with him to pay for the slacks, and had not left the store when arrested.

■ It has consistently been held that a defendant who introduces testimony after denial of his motion for acquittal at the close of the prosecution's case, thereby waives such motion and cannot make the ruling the subject of review on appeal. Hall v. United States, 83 U.S.App.D.C. 166, 168 F.2d 161, 164, 4 A.L.R.2d 1193, cert. denied, 334 U.S. 853, 68 S.Ct. 1509, 92 L.Ed. 1775; Ladrey v. United States, 81 U.S. App.D.C. 127, 155 F.2d 417, cert. denied, 329 U.S. 723, 67 S.Ct. 68, 91 L.Ed. 627;

Jenkins v. United States, D.C.Mun.App., 146 A.2d 444; Wilson v. District of Columbia, D.C.Mun.App., 65 A.2d 214.

■ Nevertheless, we have considered the merits of the appeal. We rule that the recited evidence establishd a prima facie case and did not fail for want of proof of asportation or of criminal intent. Under our ruling in Groomes v. United States, D.C.Mun.App., 155 A.2d 73, the trial judge was fully warranted in holding that the elements of taking and asportation were established, along with the intention to steal. The fact that the concealment was brief and appellant was apprehended before he left the store did not absolve him.

The young lady who was with appellant at the time of arrest testified she had been trying on garments in the maternity department (she being pregnant), that appellant had not taken the maternity slacks, and that when he was arrested on the floor below in the little boys' department it was the detective, and not appellant, who had the slacks in his possession. Appellant testified that although he had earlier had a pair of slacks across his arm while the young lady was in the fitting room, he had laid them down and left that department with the young lady and had gone to the floor below and the officer there approached him with the slacks, "and asked me what I was going to do with them."

■ After both sides rested, the trial judge commented that "the case is in a worse position now than it was at the conclusion of the Government's case," and that the defense testimony indicated a specific reason for defendant to steal maternity slacks. From this it is argued that guilt was determined not by the Government's evidence but by the evidence introducd by defendant. We cannot agree with this conclusion. The trial judge had previously ruled that the prosecution had established a prima facie case. At the conclusion of all the evidence he was to consider motive, credibility, and the other factors by which

to decide whether guilt had been established beyond a reasonable doubt. He was merely saying, it seems to us, that the evidence of guilt was stronger or more persuasive at the close of the whole case than at the close of the prosecution's case. This is by no means the same as permitting the Government to build an "otherwise imperfect case" by defense testimony. Cephus v. United States, 117 U.S.App.D.C. 15, 324 F.2d 893, cited by appellant has no application here. It dealt with a defendant's response to damaging testimony of a co-defendant.

The attorney who appeared for appellant in this court served under our appointment, and in his brief and oral argument made a thorough and spirited presentation. Despite this, we can find no basis in law for reversing the conviction.

Affirmed.