**Michael THOMPSON, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 21601.**

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 13, 1968.

Decided Nov. 25, 1968.

---

Mr. Jason L. Shrinsky, Washington, D. C. (appointed by this court) for appellant. Mr. Arthur Stambler, Washington, D. C. (appointed by this court) was on the brief for appellant.

Mr. Julius A. Johnson, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before BURGER, LEVENTHAL and ROBINSON, Circuit Judges.

BURGER, Circuit Judge.

Appellant challenges his conviction for assault and robbery. 22 D.C.CODE § 2901. His co-defendant, one Green, was tried separately and his conviction was affirmed by this Court in Green v. United States, No. 21,376 (D.C.Cir., May 7, 1968). The evidence at trial was that two policemen observed Appellant and Green "walking more rapidly than normal" toward an alley which would intersect the path of a woman they had seen leaving a store carrying an armful of groceries and a purse. This aroused the curiosity if not the suspicion of the officers. Shortly after the officers lost sight of the men, one of them, Green, attacked the woman from behind and snatched her purse. Her testimony was that as she turned she saw Appellant "a couple of steps" from her. She screamed for the police and pursued both men as they fled. The police, having resumed their momentarily interrupted surveillance of the two men, heard the victim's cries for help, came upon the scene and observed Green and Thompson running, Green carrying the stolen purse. The officers fired a warning shot when Appellant and Green failed to stop on command; Appellant then halted; Green, with the incriminating purse in hand, continued flight but was quickly apprehended.

Appellant urges that a directed verdict of acquittal should have been granted at the close of the Government's case, that there was error in the trial court's charge, and that it was error to refuse a "circumstantial evidence charge" along the lines set forth in Carter v. United States, 102 U.S.App.D.C. 227, 252 F.2d 608 (1957).

The claim for a directed verdict of acquittal must here be premised on the proposition that at the close of the Government's case there was nothing linking Appellant with the crime which would permit a reasonable jury to find Appellant guilty. E. g., Curley v. United States, 81 U.S.App.D.C. 389, 160 F.2d 229, cert. denied, 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850 (1947). This argument ignores the record evidence. The observations of the officers, the fact of the actual attack and theft, followed by the Appellant's flight with the actual perpetrator of the theft, afforded ample basis for the jury to draw the reasonable and permissible inference that Appellant was involved in the criminal conduct. Although the evidence against Appellant, unlike that against Green, is based on circumstances and in that sense is "close," it was sufficient to carry the case to the jury; "close" cases are for the triers.

We cannot speculate whether the jury assessment of Appellant's credibility may have tipped the balance. Assuming, arguendo, that it did, the jury could properly evaluate his testimony in a way that would strengthen the Government's case. Appellant testified that he had not known Green previously but had "seen him around three or four times"; that Green approached him and said "let's walk"; and that Appellant followed Green across the street, down the alley,

and to the robbery scene without a word passing between them before Green attacked the victim. This is not to suggest that Appellant's testimony could be relied upon by the trial court, or by a reviewing court, in evaluating the sufficiency of the Government's case against a challenge by motion for a directed verdict of acquittal. To draw the homely analogy, evidence introduced by an accused in his own defense cannot give life to a "dead horse," but it can invigorate a weak one.

Appellant's other claims find no support in the record. The trial court's charge was carefully drawn and in our view correct. As to the demand for a charge based upon *Carter, supra*, this Court has recently noted that "where the jury is properly instructed otherwise on the standard for reasonable doubt, a charge in the language of Carter is not required." Hunt v. United States, 115 U.S.App.D.C. 1, 3, 316 F.2d 652, 654 (1963). A review of the record shows that the jury was so instructed.

Affirmed.