293 A.2d 878 (1972)
In the Matter of J. N. H.
No. 6186.
District of Columbia Court of Appeals.
Argued May 2, 1972.
Decided August 3, 1972.
*879 Silas J. Wasserstrom, Washington, D. C., appointed by this court, for appellant.
E. Calvin Golumbic, Asst. Corp. Counsel, with whom C. Francis Murphy, Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on brief, for appellee.
Before GALLAGHER, NEBEKER and PAIR, Associate Judges.
PAIR, Associate Judge.
Charged with attempted robbery,[1] J.N.H. (a juvenile) was, after a trial, adjudged a delinquent. On appeal he challenges the sufficiency of the evidence to establish that he was a participant in the attempted robbery.
Evidence adduced at trial established the following facts:
About 8:30 p. m., April 1, 1971, appellant and a man, whose identity was never disclosed,[2] entered a liquor store owned and operated by Abe Fridling and his son Joseph at 1428-9th Street, N. W. Without speaking to each other, the two men took positions  one in front of Abe Fridling and the other in front of his son Joseph.[3] Becoming suspicious, Abe pressed the burglar alarm and placed his hand on a pistol concealed under the counter. Observing the action of his father, Joseph Fridling also seized a pistol concealed under the counter, and then asked the man who was standing in front of him if he could be of help. The man, who was standing with one hand in his pocket, did not reply. He was standing in front of Joseph but facing the other man, thus exposing his left profile. The man then began to remove his hand from his pocket and Joseph, observing first the butt of a gun and then metal, yelled "freeze." The man, however, continued to remove the gun fom his pocket, whereupon Joseph fired the gun he was holding. Joseph then heard a shot fired by his father and, as the two "immediately turned and ran" from the store, Joseph himself fired shots at appellant.
On the following day, the occurrence having been reported to the police, the Fridlings were shown, at separate times, a series of photographs. Joseph selected from such photographs one (Government's exhibit No. 2g) of a man, later identified as appellant, who "could have been" the man who positioned himself in front of his father, but he "wasn't sure."
On April 27, 1971, Joseph attended a lineup conducted in the office of the Robbery Squad and identified one of the men in the lineup (appellant) as the man who was standing in front of his father during the attempted robbery.
At the trial, Joseph, when shown a number of photographs, selected one different from that identified by him previously as that of the man who stood in front of his father. He experienced no difficulty, however, in identifying appellant, who was seated in the courtroom, as the man who entered the store, stood in front of Abe Fridling and ran with the other man from the store when shots were fired.
At the close of the government's case, appellant moved, with supporting argument directed principally to the issue of identification, for a judgment of acquittal on the ground that the government had not established a prima facie case. The motion was denied and appellant failed to renew it at the close of all the evidence.[4]
*880 As a general rule, the sufficiency of the evidence to sustain a judgment of conviction may not be challenged on appeal where no motion for a judgment of acquittal has been made at the close of all the evidence. Hall v. United States, 83 U.S. App.D.C. 166, 168 F.2d 161, cert. denied, 334 U.S. 853, 68 S.Ct. 1509, 92 L.Ed. 1775 (1948); Ladrey v. United States, 81 U.S. App.D.C. 127, 155 F.2d 417, cert. denied, 329 U.S. 723, 67 S.Ct. 68, 91 L.Ed. 627 (1946); Foster v. United States, D.C.App., 290 A.2d 176 (1972); Richardson v. United States, D.C.App., 276 A.2d 237, 238 (1971); Wesley v. United States, D.C. App., 233 A.2d 514 (1967); McRae v. United States, D.C.App., 222 A.2d 848, 849 (1966); Wilson v. District of Columbia, D.C.Mun.App., 65 A.2d 214 (1949). It has been held, however, that the rule is not controlling in cases tried without a jury. United States v. Pitts, 428 F.2d 534, 535 (5th Cir. 1970); United States v. Besase, 373 F.2d 120, 121 (6th Cir. 1967); United States v. Hon, 306 F.2d 52, 54 (7th Cir. 1962). See also 2 C. Wright, Federal Practice and Procedure, § 469 at 265-268 (1969).
Apparently no such distinction has been made in this jurisdiction between jury and nonjury cases. However, in at least three nonjury cases (McRae v. United States, supra; Pollen v. United States, D.C.App., 207 A.2d 114 (1965); Wilson v. United States, supra), this court, after declaring the general rule with respect to any failure to renew a motion for a judgment of acquittal, considered nevertheless the sufficiency of the evidence to support the judgment of conviction. We likewise proceed to consideration of appellant's claims of error.
Appellant contends first that the evidence was insufficient to establish that he participated either as a principal or as an aider or abettor in any attempted robbery of the liquor store. Relying upon Bailey v. United States, 135 U.S.App.D.C. 95, 416 F.2d 1110 (1969),[5] appellant says that all the government's proof established was that he and another man entered the liquor store at the same time and ran from the store together when the shooting started.
In our review, we must of course view the evidence in the light most favorable to the government, making allowance for the fact finder's right to determine the credibility of witnesses and draw the justifiable inferences from their testimony. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1924); Crawford v. United States, 126 U.S.App.D.C. 156, 375 F.2d 332 (1967); Jenkins v. United States, D.C.App., 284 A.2d 460 (1971); Porter v. United States, D.C.App., 282 A. 2d 559, 560 (1971); Kenhan v. United States, D.C.App., 263 A.2d 253, 254 (1970).
The record in this case, when so considered, discloses a great deal more than presence at the scene of the attempted robbery and flight. Appellant and the other man not only entered the store together but they assumed menacing positions, one at the front of Abe Fridling and the other at the front of Joseph Fridling. Though Joseph asked the man, "Can I help you?", he did not reply but remained facing his companion at the other end of the counter. The hat of each man was pulled down over his face, inferably an effort to thwart identification. Significantly, both immediately turned and ran from the store together as shots were fired.
Distinguishing Bailey v. United States, supra, the trial court, in disposing of the belated motion for a judgment of acquittal, pointed out that:
. . . [T]he instant case presents a different factual situation. Here, considering all of the evidence, the court *881 concluded that respondent was indeed one of the two men who acted in concert to undertake the robbery of the liquor store. They happened to attempt to rob the business of two men who were experienced in such matters, and whose caution and alertness aborted the robbery in its early stages. The fact that the attempted robbery did not progress further does not mean that it did not progress far enough to sustain the criminality of respondent's conduct. (R.21.)
In both Bailey v. United States, supra, and United States v. Lumpkin, 145 U.S.App. D.C. 162, 448 F.2d 1085 (1971), the controlling consideration on the issue of appellant's participation in the criminal venture was his conduct at the time and place of the occurrence. In Lumpkin, the court, distinguishing Bailey, pointed out that:
. . . Bailey's presence during the commission of the crime was more removed and entirely passive. Here the acts of the Third Robber were sufficient to support a finding by the court (and later by the jury) that his presence was pursuant to a prior understanding and that he intended thereby to assist in the commission of the offense. . . . (Footnote omitted.) [145 U.S.App.D.C. at 166, 448 F.2d at 1089.]
To the same effect was Thompson v. United States, 132 U.S.App.D.C. 38, 405 F.2d 1106 (1968), where now Chief Justice Burger, speaking for the court, stated:
The observations of the officers, the fact of the actual attack and theft, followed by the Appellant's flight with the actual perpetrator of the theft, afforded ample basis for the jury to draw the reasonable and permissible inference that Appellant was involved in the criminal conduct. Although the evidence against Appellant. . . is based on circumstances and in that sense is "close," it was sufficient to carry the case to the jury; "close" cases are for the triers. [132 U.S.App. D.C. at 39, 405 F.2d at 1107.]
The case at bar, viewed in terms of Bailey, Lumpkin and Thompson, leads to the same conclusion reached by Chief Justice Burger  that the evidence "afforded an ample basis for the [trier of fact] to draw the reasonable and permissible inference that Appellant was involved in the criminal conduct."
Appellant challenges next the sufficiency of the evidence by which he was identified as a participant in the attempted robbery. Joseph Fridling, the only government witness, when shown, shortly after the occurrence, a group of six photographs, chose one of appellant as resembling the man who stood at the front of his father. But, in addition to this, Joseph made a positive identification of appellant at a lineup and at trial. In this connection, it was undisputed that the lighting conditions in the store were exceptionally good and that Joseph observed at different times both the left and the right sides of appellant's face and, on two other occasions, his whole face.
While there was testimony by Joseph that all "I did was watch the man in front of me . . . and do nothing else" as he was attempting to draw his gun, the testimony, when viewed as a whole, established that Joseph did observe appellant as he entered the store (he passed within six feet of Joseph) and also when he ran out.[6] The record discloses, therefore, an adequate opportunity for Joseph Fridling to observe appellant, and appellant's challenge to his identification must fail.[7] United States v. Hopkins, ___ U.S.App.D.C. ___ (No. 71-1266, decided June 22, 1972); United States v. Cain, ___ U.S.App.D.C. ___ (No. 23,949, decided April 13, 1972).
Appellant urges, however, that robbery is not the exclusive inference to be *882 drawn from the actions of the two men. He suggests that assault with a dangerous weapon might well have been contemplated. While this is a possibility, it is extremely unlikely that the men would seek out, as victims of an assault, the proprietors of a liquor store to whom they were apparently unknown. The stronger and much more reasonable inference to be drawn is that the men intended to rob the Fridlings and that an attempted robbery did, in fact, take place. Tot v. United States, 319 U.S. 463, 467, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943); Williams v. United States, D.C.App., 283 A.2d 212, 213 (1971).
We are satisfied, therefore, that there was substantial evidence from which the trial court could have found that an attempted robbery did occur and that appellant was a participant. See Williams v. United States, supra. See also United States v. Lumpkin, supra; and Thompson v. United States, supra.
Affirmed.
NOTES
[1] D.C.Code 1967, § 22-2902.
[2] The other man was not apprehended.
[3] There was one other customer in the store at the time, but the record does not disclose his location. After the confrontation, it was discovered that he had taken refuge behind a pile of boxes. He was not produced as a witness.
[4] Appellant did file, seven days after the court's judgment, a written motion for judgment of acquittal. However, this procedure, allowed by D.C.Super.Crim. Rule 29(c), is not authorized in juvenile proceedings. D.C.Super.Juvenile Rule 29.
[5] In Bailey it was held that proof of presence at the scene of a crime, some prior association with the actual perpetrator of the crime and subsequent flight was not, without more, sufficient to sustain a conviction for robbery.
[6] "I got a good enough look at him coming and going."
[7] Appellant alleged no error in the procedures by which the photographic, lineup or in-court identifications were obtained.