**Betty A. JOHNSON, Appellant,**

**v.**

**UNITED STATES, Appellee.**

**No. 7597.**

District of Columbia Court of Appeals.

Argued Feb. 19, 1974.

Decided July 19, 1974.

Charles C. Parsons, appointed by this court, for appellant.

Donald E. Robinson, Jr., Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty., and John A. Terry, Asst. U. S. Atty., were on the brief, for appellee.

Before REILLY, Chief Judge, and FICKLING and PAIR, Associate Judges.

REILLY, Chief Judge:

This is an appeal after a non-jury trial from appellant's conviction of petit larceny in violation of D.C.Code 1973, § 22–2202.

It appears from the evidence that on March 7, 1973, appellant entered a department store with her two young children. She was carrying a shopping bag from another store which was stapled shut by a security guard at the entrance. She placed the bag in a shopping cart and proceeded to the women's blouse department, where she put some items into the cart. A woman, employed by the store as a special officer, noticed appellant placing some of this merchandise in the shopping bag, which she had apparently reopened.

Soon thereafter appellant's young daughter left the store and returned with another shopping bag, which the guard also stapled shut. Appellant opened this second bag, placed more merchandise from the cart into it, and closed it. She then selected certain items in another department and went to the cash register, where she paid only for the last items, and passed into the outer lobby. There she was arrested by the special officer, who detained her in the security office until a Metropolitan police officer arrived and took appellant into custody.

The special officer testified that she prepared a PD–163 form recounting the incident, but that she had omitted some details including the prices of the items taken. The Metropolitan policeman pointed out these omissions to her. After she supplied these details, the policeman made a new copy of the PD–163, including the prices and certain grammatical changes.

At the conclusion of the special officer's testimony (the sole witness for the prosecution), defense counsel requested all Jencks Act materials and received the PD–163 prepared by the police officer. On cross-examination, the witness was asked for her first draft. When she replied that she did not have it with her, defense counsel made no effort to ascertain its whereabouts, but immediately moved that her testimony be stricken. The motion was denied.

Appellant contends that the trial court erred in refusing to hold a hearing regarding the existence and location of the original draft PD–163. The record shows that the court was never asked to do so, nor was any motion made for its production. The statutory language makes it clear that the Act applies only to documents within the possession of the United States.[1] Nowhere does the record in this case indicate that the original draft was in the possession of the government at the time of the trial. It has been held that "[T]he producibility of a statement depends upon its being within the particularities of the statute [Jencks Act]." Matthews v. United States, 407 F.2d 1371, 1376 (5th Cir. 1969).

This record, therefore, is distinguishable from facts in one of the leading cases in this jurisdiction, Saunders v. United States, 114 U.S.App.D.C. 345, 316 F.2d 346 (1969), where the court held that it was error on the part of a trial court not to inspect notes of a pretrial interview to ascertain whether such notes amounted to a substantially verbatim statement of a witness. There, the notes were admittedly in the files of the prosecution.

In our opinion, the disposition of this case is controlled by our holding in Banks v. United States, D.C.App., 305 A.2d 256 (1973). In *Banks* the appellant also argued that it was error not to strike the testimony of a police officer whose original notes were not produced after his direct testimony.

Relying on the officer's statement that he had transferred the contents of the notes to PD–163, the court denied the motion. In upholding that denial on appeal,

1. 18 U.S.C. § 3500(a), (b).

this court noted three significant factors: that the contents of the notes were recorded on the PD–163 which was given to the defense; that there was no evidence of any bad faith suppression; and that there was ample evidence of the defendant's guilt. 305 A.2d at 258. These same factors are present here. The witness testified that she added only some words and price information and otherwise dictated the prior draft as it was. There is nothing to indicate that anything in the original draft was omitted from the copy of the PD–163 which was given to defense counsel. The record is devoid of any evidence of suppression or of gross negligence for which the striking of testimony might serve as a deterrent.[2] It is clear that the reason the old PD–163 was not retained was simply that a new one, incorporating what was in the old one, had been made.

Affirmed.

2. *Cf.* United States v. Perry, 153 U.S.App.D. C. 89, 471 F.2d 1057 (1972), in which the court stated that testimony is justifiably stricken where "the information has been lost or destroyed, negligently or for an unjustified purpose." *Id.* at 95, 471 F.2d at 1063.