**In the Matter of A. B. H., Appellant.**

**No. 8197.**

District of Columbia Court of Appeals.

Argued June 19, 1975.

Decided Aug. 18, 1975.

Warren C. Nighswander, Washington, D.C., appointed by this court, for appellant. Frederick H. Weisberg, Washington, D.C., also entered an appearance for appellant.

Dennis McDaniel, Asst. Corp. Counsel, Washington, D.C., with whom C. Francis Murphy, Corp. Counsel, Louis P. Robbins, Principal Asst. Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington, D.C., were on the brief, for appellee.

Before FICKLING and NEBEKER, Associate Judges, and PAIR, Associate Judge, Retired.

PAIR, Associate Judge, Retired:

The appellant, a juvenile, was adjudged to have committed the offense of robbery (purse snatching).[1] He appeals the judgment by contending (1) that the evidence was insufficient to support the trial court's finding of his involvement in the robbery, and (2) that the trial court committed reversible error by its failure to invoke the sanctions of the Jencks Act[2] when a government witness, a police officer, was unable to produce his notes of an interview with the complainant.

At approximately 11:40 p. m. on September 15, 1973, the complainant was walking near Scott Circle when her purse was snatched. She testified that her assailant appeared suddenly and must have been hiding behind a hedge along the sidewalk as she approached. Although she was unable to identify either the appellant or the co-respondent, she did get a brief glimpse of her assailant as she fell to the ground and stated that he was young, between the ages of 12 and 14.[3]

Evidence introduced by the government placed the appellant in close proximity, approximately a one minute walk from the scene of the purse snatching, just minutes after the commission of the crime. The appellant and the co-respondent were arrested in an alley by two police officers. The police officers, alerted by yelling and screaming, observed the appellant and the co-respondent, running abreast of each other, and observed also a third individual[4] who appeared to be chasing them. When the police officers identified themselves, the co-respondent threw a coin purse and several small articles to the ground and the appellant "bolted off" approximately 20 feet into some bushes where he was apprehended. The complainant made a positive identification of the items thrown to the ground as items which were in her purse at the time of the robbery. In addition, a police officer testified that while being detained at the precinct the appellant and co-respondent called each other by name.

At the close of the government's case, the appellant moved for a judgment of acquittal which was denied. The defense then presented evidence which included the appellant's testimony that he was with the co-respondent on the evening of the offense and that it would not have been possible for the co-respondent to have taken the complainant's purse without him seeing it. He explained his flight from the area of Scott Circle by stating he and the co-respondent were engaged in a footrace with two other boys to a particular destination and had been running together from

---

1. D.C.Code 1973, § 22-2901.

2. 18 U.S.C.A. § 3500.

3. The appellant was 13 years of age at the time of the offense and the co-respondent was 15 years old.

4. This individual was described by the complainant as being an adult male present near Scott Circle at the time of the offense and, in addition to giving chase to her assailant or assailants, he led the complainant to a location in the route of flight where her pocketbook was recovered. This individual did not testify at the trial.

Twentieth and L Streets, Northwest, until they were confronted by the police in the alley. At the close of the evidence the appellant renewed his motion for judgment of acquittal. The motion was again denied.

■ The appellant contends that in determining the sufficiency of the evidence to support the trial court's denial of the motion for judgment of acquittal, we must restrict our consideration to the evidence presented during the government's case in chief. We disagree. This court has consistently held that a defendant who introduces testimony after the denial of his motion for judgment of acquittal at the close of the government's case waives his motion. Thus, the court's ruling on the motion may not be challenged on appeal. Consequently, appellant having put on his proof, we may consider the sufficiency of all the evidence. *See, e. g., Wesley v. United States,* D.C.App., 233 A.2d 514 (1967); *Dickson v. United States,* D.C. App., 226 A.2d 364 (1967); *McRae v. United States,* D.C.App., 222 A.2d 848 (1966), and *Jenkins v. United States,* D.C. Mun.App., 146 A.2d 444 (1958).[5] *See also Thompson v. United States,* 132 U.S.App. D.C. 38, 405 F.2d 1106 (1968).

■ In cases tried without a jury, questions as to the credibility of witnesses and weight of the evidence are within the province of the trial judge and we may not disturb his judgments unless plainly wrong or without evidence to support them. D. C.Code 1973, § 17–305(a); *Lee Washington, Inc. v. Washington Motor Truck*

*Transportation Employees Health and Welfare Trust,* D.C.App., 310 A.2d 604 (1973). In the instant case the evidence of appellant's close association with the co-respondent prior to and after the purse snatching, his presence very near the scene of the crime and his flight from the scene with the co-respondent was sufficient to support the conviction.

■ ■ We find to be without merit appellant's contention that the trial court committed reversible error in refusing to strike the testimony of the complainant when the police officer was unable to produce his notes of an interview with her. In our view, the notes did not constitute a "statement" within the purview of 18 U.S.C.A. § 3500(e)(1) or (2) and, therefore, no Jencks Act sanction was warranted. The notes, described as "rough" and "mostly illegible", were neither

(1) a written statement made by said witness and signed or otherwise adopted or approved by him; [nor]

(2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness to an agent of the Government and recorded contemporaneously with the making of such oral statement.

*See United States v. Augenblick,* 393 U.S. 348, 354–55, 89 S.Ct. 528, 21 L.Ed.2d 537 (1969); *United States v. Hines,* 147 U.S. App.D.C. 249, 264, 455 F.2d 1317, 1332, *cert. denied,* 406 U.S. 975, 92 S.Ct. 2427, 32 L.Ed.2d 675 (1972). *See also Matthews*

---

5. The application of the doctrine of waiver is by no means a creation of this court. It has been widely used in the circuits. *See* 2 C. Wright, Federal Practice and Procedure: Criminal § 463 (1969), and cases cited therein. The Supreme Court has also sanctioned the use of the waiver doctrine. In *McGautha v. California,* 402 U.S. 183, 215, 91 S.Ct. 1454, 1471, 28 L.Ed.2d 711 (1971), the Court stated:

[A] defendant whose motion for acquittal at the close of the Government's case is de-

nied must decide whether to stand on his motion or put on a defense, with the risk that in so doing he will bolster the Government case enough for it to support a verdict of guilty. . . .

*See also United States v. Calderon,* 348 U.S. 160, 164, 75 S.Ct. 186, 99 L.Ed. 202 (1954); *cf. Cephus v. United States,* 117 U.S.App. D.C. 15, 324 F.2d 893 (1963), and *Austin v. United States,* 127 U.S.App.D.C. 180, 189, 382 F.2d 129, 138 (1967).

*v. United States,* D.C.App., 322 A.2d 908, 910· (1974). Furthermore, even assuming *arguendo* that the notes did constitute a "statement" within the purview of the Act, the imposition of the sanction of striking complainant's testimony was discretionary and on this record we find no abuse of discretion. *See United States v. Perry,* 153 U.S.App.D.C. 89,·99, 471 F.2d 1057, 1067 (1972), quoted with approval in *Hardy v. United States,* D.C.App., 316 A.2d 867, 870 (1974).

Finding no error warranting reversal the judgment is

*Affirmed.*