Calvin MOORE, Jr., Appellant,

v.

UNITED STATES, Appellee.

Christopher JOHNSON, Appellant,

v.

UNITED STATES, Appellee.

Nos. 8069, 8080.

District of Columbia Court of Appeals.

Filed April 12, 1976.

Decided Sept. 9, 1976.

James E. Mundy, Washington, D.C., appointed by the court, for appellant Moore. Frederick H. Weisberg, Washington, D.C., appointed by the court, for appellant Johnson.

Nicholas Gilman, Asst. U.S. Atty., and Earl J. Silbert, U.S. Atty., John A. Terry and John P. Hume, Asst. U.S. Attys., Washington, D.C., for appellee.

Before KELLY, FICKLING and HARRIS, Associate Judges.

PER CURIAM:

We previously considered the issue on appeal in these cases and remanded the record to the trial court for a hearing to determine whether notes taken by a police officer in interviewing a robbery victim immediately after the robbery and subsequently lost constituted a statement producible under the Jencks Act,[1] and if so, whether the statement was incorporated into other police records. *Moore v. United States*, D.C.App., 353 A.2d 16 (1976). Such a hearing was held, and we are now in receipt of the findings of fact and conclusions of law entered by the court.

Specifically, the court found that the missing notes contained an incomplete description of his assailants by the robbery victim; that the only other notes taken by the police officer were written directly on PD Form 251 within minutes of the offense; that the missing notes, while incomplete, contained a substantially verbatim description of the robbers; and that they were producible under the Act. A copy of a radio run broadcast by the officer and copies of PD Forms 252 and 255 were introduced into evidence. The court further found that the descriptive information in the missing notes was substantially incorporated in the radio run and PD Form 251; and it concluded that while the loss of the notes was negligent, the appellant had suffered no prejudice as a result of the loss and that the sanction of striking the complainant's testimony was not warranted.

The necessary inquiry is now completed[2] and a finding has been made that the missing notes constituted a statement producible under the Act;[3] however, since the substance thereof was incorporated in other documents which were produced, the trial court correctly refused to strike the testimony of the complaining witness.[4] Accordingly, the convictions on appeal are

*Affirmed.*

HARRIS, Associate Judge:

Having dissented in some detail from the majority's action in remanding this case for a further hearing, 353 A.2d at 20–30, I would comment once more as the curtain falls on the final act.

I felt that two things were made clear by the original record. One was that by no stretch of reason could the lost notes have constituted a Jencks Act statement. *See* 353 A.2d at 29. The other was that at trial, defense counsel properly were provided with copies of the radio run and of the appropriate police report forms. *Id.* at notes 7 and 9.

During the trial, the court concluded that the missing notes were not a "statement" as defined in 18 U.S.C. § 3500(e)(2) (1970). I considered that ruling to have been eminently correct. Following the hearing on remand, the trial judge did two things of note. First, he formally advised

---

1. 18 U.S.C. § 3500(e)(2) (1970).

2. *See Banks v. United States*, D.C.App., 305 A.2d 256 (1973).

3. *See United States v. Bundy*, 153 U.S.App. D.C. 191, 472 F.2d 1266 (1972).

4. *See Johnson v. United States*, D.C.App., 322 A.2d 590 (1974).

us that the radio run and the police report forms indeed had been produced by the government at trial. Second, in an illustration of the quite human trait of following the line of least resistance, he accepted the majority's implicit invitation to find that the lost notes did constitute a Jencks Act statement, but that their loss was of no legal significance since their substance had been incorporated into the radio run and the report forms.[1]

We thus end up at the same place, but we have strayed considerably from the path of reason in getting there. It may be true that that which we call a rose by any other name would smell as sweet, but it is a matter of unambiguous statutory law that an officer's notes of a conversation with a witness can fall within the scope of the Jencks Act only if they represent "a substantially verbatim recital of [the] oral statement made by said witness and recorded contemporaneously with the making of such oral statement; . . . ." 18 U.S.C. § 3500(e)(2). The technical rigidity of that requirement was recognized early by the Supreme Court in *Palermo v. United States*, 360 U.S. 343, 351–54, 79 S.Ct. 1217, 3 L.Ed.2d 1287 (1959), and was reasserted by that court in *Goldberg v. United States*, 425 U.S. 94, 96 S.Ct. 1338, 1345, 47 L.Ed.2d 603 (1976). More recently, we stated that an officer's on-the-scene notes "normally are but abbreviated characterizations and summaries of a witness' actual comments, [and] would rarely, if ever, rise to a degree of completeness (*i.e.*, 'substantially verbatim') sufficient to satisfy the rigorous prerequisites of the Act." *March v. United States*, D.C.App., 362 A2d 691, at 699, 700 (1976). *See also Goldberg v. United States, supra,* 96 S.Ct., at 1355–56 (Powell J., concurring); *In re A.B.H.,* D.C.App., 343 A.2d 573, 575 (1975); *United States v. Scriber,* 163 U.S.App.D.C. 36, 43, 499 F.2d 1041, 1048 (1974); *United States v. Hines,* 147 U.S.App.D.C. 249, 264, 455 F. 2d 1317, 1332 (1971), *cert denied,* 406 U.S. 975, 92 S.Ct. 2427, 32 L.Ed.2d 675 (1972).

The majority characterizes the trial court's findings on remand as being in part "that the missing notes, while incomplete, contained a substantially verbatim description of the robbers".[2] That statement itself contradicts the existence of the prerequisites for the Act's applicability. A particular set of notes cannot arise to the level of being a statement under the Act if they are incomplete, even if they are accurate to a significant degree. To constitute a producible statement, everything the witness says must be recorded substantially verbatim. As Mr. Justice Stevens observed in his concurring opinion in *Goldberg v. United States, supra,* 96 S.Ct., at 1349: "Whether a particular writing is an original or a copy, it is not a statutory 'statement' unless it reflects the witness' own words fully and without distortion."

The reason for this is obvious; the sole purpose of producing a statement is to permit the possible impeachment of a witness. Thus, the statement may not reflect simply the officer's personal characterization— however accurate or complete—of what the witness said. To constitute a "statement", the officer's notes must contain the actual words and phrases used by the declarant.

---

1. The majority's earlier acceptance of the grafting of a "harmless error" concept onto the Jencks Act has been an inevitable outgrowth of the ill-considered distortion of the statutory intendment of a "statement" to include investigatory notes which plainly are not a "substantially verbatim" account of the declarant's oral comments. *Cf.* D.C. Code 1973, § 11–721(e), which provides:

> On the hearing of any appeal in any case, the District of Columbia Court of Appeals shall give judgment after an examination of the record without regard to errors or defects which do not affect the substantial rights of the parties.

2. As an aside, such a finding is manifestly inconsistent with the record. When the complaining witness testified as to his conversation with the investigating officer, he stated: "When [the officer] started asking me about the weight and the age and the height [of the criminals], I told him I couldn't tell him that." The officer testified: "But on a height and a weight we had a little difficulty in communicating. He couldn't give me definitely, I—I, what I was wanting was numbers." *See* 353 A.2d at 29 and n. 8.

In his concurring opinion in *Goldberg v. United States, supra,* Mr. Justice Powell stated that the "important guarantees of dependability that Congress relied upon in the central concept of subsections (e) (1) and (e) (2) . . . arise partly from the sense that a witness normally would have of 'going on the record' when he makes a statement within the core of subsection (e) (1) or subsection (e) (2)." 96 S.Ct. at 1355. The correctness of that view strikes me as unassailable, and here, not only did the witness have no sense of "going on the record" in his conversation with the officer, there was no effective communication between them at all.

In my prior dissent, I stated my belief that the remand of this case "was a rather striking example of an exercise in futility." 353 A.2d at 20. I regret that in the process of that exercise, the trial court did not adhere to its earlier sound judgment that the lost notes were not a Jencks Act statement. However, faced as it was with what I respectfully consider to be an unsound opinion of this court, I can understand its decision merely to follow the unfortunate course charted by the majority.